## ARCHIBALD v. BRUCK. (No. 25.)

(Court of Civil Appeals of Texas. Waco. May 15, 1924. Rehearing Denied June 26, 1924.)

1. Indemnity ⊙⟞15(7)—Evidence that profits of business were enough to enable buyer to pay indebtedness as agreed held sufficient to support verdict.

In an action by a seller against the buyer of a business to recover for paying notes, evidencing debts of the business which the buyer agreed to pay out of profits, evidence that the profits were enough to enable defendant to pay held sufficient to support a verdict for plaintiff.

2. Indemnity ⊙⟞12—Incorporating and changing name of business held not to release buyer from obligation to pay debts out of profits.

Where the buyer of a business agreed to pay its debts out of profits incorporating it under another name, failure to make profits under the original name did not release him from his agreement.

3. Indemnity ⊙⟞11—Cause of action on promise to pay indebtedness of business out of profits held to arise when profits were realized.

Where a buyer of a business agreed to pay its indebtedness out of profits, and on his failure to do so the seller had to pay, he was entitled to payment out of profits of the business as they were realized, if it succeeded, and his cause of action on the agreement of sale matured when and as the profits were realized.

4. Trial ⊙⟞351(2)—Failure to submit special issue in absence of request not reversible error.

Under Rev. St. art. 1985, on failure of a party to prepare and present a special issue as to limitation of the action against him, there was no reversible error, even if the evidence raised such issue.

5. Appeal and error ⊙⟞216(1)—Omission in charge not called to attention of court not ground for reversal.

In an action by the seller of business against the buyer to recover for paying debts of the business assumed by defendant, where a charge put the burden upon plaintiff to prove that the business earned profits sufficient to pay two items of indebtedness which plaintiff had paid, failure to charge that the burden was upon him to prove the amount of profits was not reversible error; it being a matter of omission which should have been presented by defendant.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by G. H. Bruck against Thomas Archibald. From judgment for plaintiff, defendant appeals. Affirmed.

Conway & Scharff, of Waco, for appellant.
Weatherby & Rogers, of Waco, for appellee.

GALLAGHER, C. J. [1] This suit was instituted in the district court by G. H. Bruck, appellee herein, against Thomas Archibald, appellant herein. Appellee and appellant were partners in the business of manufacturing and renovating hats. The business was conducted in Dallas under the name of the Western Hat Manufacturing Company. On April 1, 1916, appellant prepared in writing, signed and delivered to appellee what purports to be an agreement between him and appellee, which agreement recites that appellee sells his one-half interest in said business for the sum of $1, and further recites that appellant assumes all the indebtedness of the business, naming

the creditors and stating the amount due each of them, respectively. The aggregate amount of indebtedness so recited as assumed by appellant was $2,133. Immediately after the recital of such indebtedness said written agreement continues as follows:

"It is understood that this indebtedness is to be paid out of the profits of said Western Hat Manufacturing Company's business as the business can do so, but that, if the business does not succeed, said Thomas Archibald is not held responsible for payment of said indebtedness."

The appellant paid all of said indebtedness except two items, one in the sum of $900 and the other in the sum of $470, both evidenced by notes, bearing interest. Appellee paid both said items of indebtedness, and on August 26, 1921, instituted this suit to recover the amount of the same with interest, alleging that within four years next preceding the filing of such suit appellant had made profits in said business sufficient to enable him to pay said indebtedness in full. The case was tried on amended petition filed October 30, 1922, and resulted in a judgment in favor of appellee for $2,062.50, which judgment appellant presents to this court for reversal on various allegations of error.

Appellant's principal contention is that the verdict of the jury and the judgment of the court based thereon are without support in the evidence. The case was submitted on special issues, and the substance of the findings of the jury in response thereto was that the business of the Western Hat Manufacturing Company succeeded, within the meaning of that term as used in said agreement; that said business earned profits sufficient to pay said two items of indebtedness, or a part thereof; and that such profits amounted in the aggregate to $2,312.50.

Appellee testified that his half interest in the property conveyed by him to appellant in pursuance of said agreement was of the reasonable value of $4,000, and such testimony was not controverted. The evidence showed that the business was conducted continuously from the date of said agreement until the trial. The evidence further showed that at one time appellant took in a partner, who contributed $3,000 cash toward the capital of the business. What value was placed on the business as a whole at that time is not shown, further than that appellant, according to his own testimony, retained a controlling interest therein. Subsequently appellant purchased the interest of such partner, giving his notes therefor, which he claimed he was still unable to pay. This transaction occurred in 1920. Appellant continued the business as sole proprietor until some time in the year 1922, when he succeeded in turning it into a corporation with a capital stock of $50,000. He testified that he owned $5,000 of the stock of said corporation, and that his wife also held stock therein, but he did not disclose the amount thereof. He also testified that some of the machinery embraced in said purchase from appellee had been transferred by him to said corporation, and was still in use. When asked whether he had been doing a pretty good business in Dallas, he said:

"I will answer, 'Yes and No.' I mean both when I say, 'Yes and No.' I can tell it either way in speaking from 1916 on down."

He also testified that he was struggling since incorporation to make the business a success; that the corporation had never declared a dividend; that when he claimed the corporation was not making a profit he meant it was not paying dividends. He testified he was broke when he opened the business in Dallas. He did not claim that his wife had any separate property or that she had contributed anything to the business other than her services during a part of the time. He tendered no books, statements, nor inventories concerning the condition of the business at any time. Appellee testified that he called on appellant at various times to pay the items of indebtedness which he had taken up and paid but which had been so assumed by appellant, and that appellant always promised to do so. On one occasion appellant told appellee that he was paying an old personal debt, and as soon as that was paid he would begin to pay him. It does not appear that appellant ever in any of these conversations denied that some profit was being from time to time realized out of said business. Appellee also testified that on one occasion appellant showed his books or an audit of the business, showing a profit of about $1,000, and that that was probably while appellant was sole proprietor of the business and when he was considering forming a corporation to take it over. Appellee further testified that appellant promised at that time to pay him the said two items of indebtedness involved in this suit. He also testified that appellant in the same conversation spoke about having at some time sustained a loss in the business, but the amount of the same was not stated. Appellee also testified that appellant told him he had bought some property in Dallas for a home, and was renting half of it and "making pretty good at it." It is true appellant testified that his daughter was teaching school, and that she and his wife had paid all that was paid on said home. However, such testimony, together with his claim of ownership of such home and all the other evidence in the case, was before the jury. They doubtless considered the same as a whole, and as a result of such consideration returned the verdict assailed by appellant. We cannot say that such verdict is without support in the evidence, and appellant's said contention is overruled.

[2] Appellant and appellee were partners, doing business under the name of Western Hat Manufacturing Company. Later, about

the time a third party invested $3,000 in the business, as above stated, the name was changed to Southwestern Hat Manufacturing Company. When appellant repurchased said interest from said third party, he changed the name of the business to Thomas Archibald Hat Manufacturing Company, which it seems, according to his testimony, was a common-law trust. At the time of the trial the business had been incorporated and the name changed to Kinsella Hat Manufacturing Company. Appellant, at the close of his testimony, made the following statement:

"I disposed of the property belonging to the Western Hat Manufacturing Company on the 9th of April, 1917. It was disposed of to the Southwestern Hat Manufacturing Company."

The business, according to appellant's own testimony, was conducted by him from the date of his purchase of appellee's interest and the assumption of said indebtedness to the incorporation above referred to, and by said corporation with him as an employee until the time of trial. Appellant further testified that he held the controlling interest in the business after said third party invested said additional $3,000 therein, and that after he repurchased said party's interest he was again sole proprietor of said business. He further testified that such of the original machinery as survived continuous use during the intervening period of time was sold by him to the corporation and was still used by it. Appellant contends that his only engagement was to pay the indebtedness assumed by him out of the profits realized by him in the event he made the Western Hat Manufacturing Company a success; that his testimony that no profits were realized during the time the business was conducted in that name was uncontradicted; and that the court should have instructed the jury, as requested by him, not to consider any evidence of profits after the date of such change of name. In view of appellant's testimony that he disposed of all the property of the Western Hat Manufacturing Company to the new firm, which he called the Southwestern Hat Manufacturing Company, and in which firm he owned a controlling interest, and the business of which he continued to manage, we do not think such disposition released him and his interest in said business from his obligation to appellee, and that his said requested charge was properly refused.

Appellant objected to the court's charge because the same failed to submit any issue of limitation, and also requested the court to give a peremptory charge to the jury to return a verdict in his favor on the ground that the undisputed evidence showed that appellee's cause of action accrued more than four years prior to the institution of the suit. We assume that appellant's request for such peremptory instruction was based on the theory that his act in admitting a new partner into the business and changing its name absolved him from any further obligation to appellee, all the same having occurred more than four years prior to the institution of this suit. We have already held such theory untenable.

[3] Appellant's promise to pay the items of indebtedness sued on upon the condition stipulated was in writing, signed by him, and delivered to appellee. Appellant failed to pay said indebtedness, and, appellee being personally obligated to the holders, discharged the same himself. He became by such action entitled, according to the terms of said agreement, to receive payment thereof from appellant out of the profits of the business as such profits were realized in the event said business succeeded. Appellee's cause of action on said written agreement matured when and as profits were realized. 25 Cyc. 1072; 17 R. C. L. p. 762, § 127. The testimony of appellant that the business during the year 1916 was operated at a loss was uncontradicted. There is no testimony of any profit prior to four years before the institution of this suit on August 26, 1921. We do not think that the evidence raised the issue that appellant's obligation to pay the indebtedness sued for herein had matured more than four years before the filing of the suit.

[4] Appellant objected to the court's charge because no issue of limitation was submitted therein. He did not prepare and present to the court an appropriate special issue for a finding by the jury as to whether appellant's obligation matured prior to August 26, 1917. Article 1985 of the Revised Statutes expressly provides that a failure on the part of the court to submit an issue shall not be deemed ground for reversal, unless the submission of such issue shall have been requested in writing by the party complaining of the judgment. On this ground the action of the court in failing to submit any issue of limitation did not constitute reversible error, even if it should be held that the evidence in the case raised such issue. Frick v. I. & G. N. Ry. Co. (Tex. Civ. App.) 207 S. W. 198, 200 (writ refused).

[5] The court charged the jury that the burden was upon appellee to prove by a preponderance of the evidence that the business of the Western Hat Company succeeded and earned profits sufficient to pay said two items of indebtedness, or a part thereof, but failed to charge that the burden was upon appellee to prove the amount of such profits. Appellant contends that such failure on the part of the court constituted reversible error. Appellant's complaint of the court's charge is with reference to a matter of omission only. Such being the case, it devolved upon him to prepare and request a charge covering the omission. Not having done so, he is not in a position to urge such omission.

as ground for reversal. Fort Worth & R. G. Ry. Co. v. Keith (Com. App.) 208 S. W. 891, 892.

The judgment of the trial court is affirmed.