MRS. EMMA TYNER ET AL., INTERVENORS, V. CITY OF PORT ARTHUR AND A. C. BIGELOW ET AL.

No. 4427.    Decided February 17, 1926.

(280 S. W., 523.)

1.—Judgment—Foreclosure—Sheriff's Sale—Agreement to Bid.

On a mortgage foreclosure the judgment and execution recited an agreement by plaintiff to bid at the sale the amount of the debt.    The sale, of 535 acres, was made to plaintiff in 21 separate lots of 40 acres or less each, as then required by law, and the bids aggregated less than half the judgment.    But by direction of the plaintiff purchaser the sheriff made return showing the judgment satisfied by the sale.    Held that, though the recited agreement should to be held to constitute a part of the judgment, which is not determined, the return by the sheriff, at plaintiff's direction, showing satisfaction of the judgment by the sale was a substantial compliance with its terms, and plaintiff's direction to make return showing the judgment satisfied was in effect a bid for its amount.    The title of defendant passed by such sale. (Pp. 318, 319.)

**2.—Same—Agreed Judgment.**

A judgment by consent is governed by the rules applicable to contracts generally; and the acquiescence of the defendant in the sale for many years is to be taken as its acceptance as a sufficient performance of plaintiff's agreement to bid.  (P. 319.)

Questions certified by the Court of Civil Appeals for the Ninth District, in an appeal from Jefferson County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same and directs it to be certified as the answer of the Court.

*John H. Broocks, James H. Rachford, M. S. Duffie, E. E. Easterling,* and *Orgain & Carroll,* for appellants.

The entire judgment was the agreement of the parties reduced to a judgment, and therefore no part of the same, any more than any other part, could be considered   "A mere unofficial agreement," from which it irresistibly follows that that part of the judgment as follows:   "The said plaintiff now here in open court agrees and binds himself to bid for said land the amount of this judgment," was as much a part of the agreement of the parties which had been crystallized into the judgment as any other part of the agreement written and contained in the judgment.   Cannon v. Hemphill, 7 Texas, 191; 34 Corpus Juris., 134, 788, 418, 133; Cooksey v. Jordan, 104 Texas, 618; Henderson v. Moss, 82 Texas, 71; People's Ditch Co. v. Fresno Land Co., 92 Pac., 77; Sprowl v. Stewart, 19 La. Ann., 433; Continental B. & L. Assn. v. Woolf, 108 Pac., 730; Ferguson v. Halsell, 47 Texas, 421; Foster v. City of Waco, 113 Texas, 352; Nason v. Smalley, 8 Vt., 118; Lundon v. Waddick, 98 Iowa, 478, 67 N. W., 389; Townsend v. Fontenot, 42 La. Ann., 890, 8 So., 617; Doty v. Barnard, 92 Texas, 194; Fox v. Windes, 127 Mo., 502; Anderson v. Wynn, 25 Texas Civ. App., 440, 62 S. W., 121; Gulf Production Co. v. Palmer, 230 S. W., 1020; Evans v. Williams, 194 S. W., 185.

The sheriff had no authority or power to sell the land for less than the amount of the judgment, and therefore, lacking authority or power his act in making the sale was an absolute nullity and no title thereby to the land was passed to said plaintiff French, under whom appellees claim.   Bailey v. Block, 104 Texas, 101; Paul v. Willis, 69 Texas, 261; Moody v. Moeller, 72 Texas, 638; Ferguson v. Halsell, 47 Texas, 421; Foster v. City of Waco, 113 Texas, 352; Michael v. Crawford, 108 Texas, 354; Reese v. Medlock, 27 Texas, 124; Fitzhugh v. Franco-Texas Ld. Co., 81 Texas, 310; Howard v. North, 5 Texas, 312; American Surety

Co. v. Hill County, 267 S. W., 266; Erp v. Robison, 106 Texas, 147; Gulf Production Co. v. Palmer, 230 S. W., 1020; Gatley's Lessee v. Ewing, 44 U. S., 707; Collier v. Stanbrough, 6 How., 14.

Furthermore if by reason of the sale of the land the execution is only entitled to a partial credit, the statement of the plaintiff made to the sheriff and the sheriff's placing the same in his return of the execution did not operate to extinguish the debt, for the reason that there was no consideration therefor. First Texas Prudential Insurance Company v. Connor, 209 S. W., 417; Fire Insurance Assn. v. Wickham, 141 U. S., 564, 35 L. Ed. 860; Columbian etc. Ins. Co. v. Dixie etc. Co., 261 S. W., 179.

*Sonfield, Nall & King, J. W. Williams, Wistner & White,* and *W. R. Blain,* for appellee.

The recital of the agreement by plaintiff to bid the amount of the judgment constitutes no part of the judgment and does not render the same in any manner conditional. Coleman v. Zapp, 105 Texas, 494; Davis v. Hemphill, 243 S. W., 691; Eckerman v. Tanney, 253 Fed., 414, 418; Herd v. Tuohy, 133 Calif., 55, 65 Pac. 139; Duras v. Keller, 186 N. W., 149; Laidacker v. Palmer, 231 S. W., 362; Cooksey v. Jordan, 104 Texas, 618.

If such recital formed part of the judgment, the agreement was that the sale should be in full satisfaction of the judgment, and the order of sale on instructions of plaintiff being returned by the sheriff acknowledging full satisfaction of the judgment, the bid of and sale to plaintiff for an amount less than the judgment was at most an irregularity not rendering the sale void. Bechtel v. Weir, 152 Calif., 443, 93 Pac., 75; Willard v. Finnegan, 42 Minn., 476, 8 L. R. A., 50, 52; Oppenheimer v. Reed, 11 Texas Civ. App., 367, 32 S. W., 325; Ayres v. Duprey, 27 Texas, 594; Yarborough v. Wood, 41 Texas, 91, 93; Lee v. Wharton, 11 Texas, 61; Houser v. Robertson, 89 Texas, 681, 687; Boggess v. Howard, 40 Texas, 153; Riddle v. Turner, 52 Texas, 145; Choate v. McIlhenny Co., 71 Texas, 119; Brown v. Bonugle, 111 Texas, 275, 232 S. W., 490.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Ninth District:

"This cause is pending in this court on the motion of appel-

lants for rehearing, and there being some doubt in our minds as to the correctness of some of the legal questions involved, we have concluded to hold the motion for rehearing in abeyance and certify to Your Honorable Court three of the legal questions involved.

"We make the following statement as a basis for the questions hereinafter propounded.

"The appellee, City of Port Arthur, filed this suit on April 11, 1921, in the 58th District Court of Jefferson County, against A. C. Bigelow, W. T. Armstrong, W. R. Blain, and George D. Anderson, as defendants, in form of trespass to try title, seeking to recover the title and possession of a tract of land described in the plaintiff's petition, being about 210 acres, and alleged to be a part of the T. F. McKinney league in that county.

"The defendants answered by disclaimer as to all the tract sued for, with the exception of about eight acres, which they claimed was no part of the T. F. McKinney league, but was a part of the W. T. Block survey No. 1 in Jefferson County, and as to this acreage they pleaded not guilty.

"Afterwards, the appellants here, Mrs. Emma Tyner and others, who are admittedly the heirs at law of John T. Johnson and Elizabeth Johnson, deceased, intervened in the suit, claiming all the land described in the plaintiff's petition as against both the plaintiff and the original defendants.

"When the case was reached for trial, and after the evidence was concluded, the trial court peremptorily instructed a verdict in favor of the original defendants for the eight acres of land claimed by them, and in favor of the plaintiff, appellee here, for the remainder of the land described in its petition as against appellants, the intervenors.

"Appellee and appellants claimed the land in controversy from a common source, viz: John T. Johnson, who was the father of appellants, and it is their contention that his title was never divested out of him, and that it is in them by inheritance. It is the claim of appellee that title was divested out of John T. Johnson by a sheriff's sale, under authority of a judgment of the District Court of Jefferson County and an order of sale under that judgment. If the sheriff's sale had the effect to pass the title of John T. Johnson to the land in controversy, then the trial court was correct in peremptorily instructing the verdict in this case, because it is admitted by appellants that the appellee, by mesne conveyances, holds whatever title, if any, passed to the purchaser at the sheriff's sale.

"In 1865, John T. Johnson, the common source, and one Samuel Remley, who were partners in the sawmill business, executed in favor of John J. French Sr., their promissory note for $800, to secure the payment of which they, at the same time, executed in French's favor a mortgage on a tract of 735 acres of land, of which that in controversy is a part. The 735-acre tract was then owned by John T. Johnson and Samuel Remley as partners.  In 1868, French sued Johnson and Remley on the note, and prayed for foreclosure of the mortgage.  After both Johnson and Remley were served with citation and had filed answer, but before trial, Johnson died, and his surviving wife, Elizabeth Johnson, mother of appellants, was duly appointed administratrix of his estate, and she, as surviving wife and administratrix, was brought into the suit by writ of scire facias, and that suit proceeded to trial on November 29, 1870, and resulted in a judgment in favor of the plaintiff, French, against 'the defendants' for the sum of $1,207, including principal and interest, and foreclosure of the mortgage given to secure the French note was decreed as to 535 acres of the 735-acre tract.  The judgment was never appealed from and became final.  A proper construction of that judgment is, we think, the main and controlling legal question in the case, and we here copy it in full, with the exception of the description of the land involved, as follows:

" 'John J. French, Sr.,

      vs.                           No. 486.

Samuel Remley and Mrs. Elizabeth Johnson, Administratrix, and surviving wife of John T. Johnson, decd.

                                      Nov. 29, 1870.

" 'Be it remembered that this day came the parties and waive a jury and submit the matter in controversy as well as of fact as of law to the court and the pleadings, evidence and argument of counsel having been heard and fully understood, it is considered by the court that the said plaintiff do have and recover of the defendants the sum of twelve hundred and seven dollars for his principal debt and interest to this date, and it further appearing to the court that plaintiff's said debt is secured by the mortgage described in the petition upon the following described tract of land' (Here follows a description of a 735-acre tract of land, of which that in controversy is a part) 'and it further appearing that 200 acres of said described tract of land is exempt from the operation of plaintiff's said mortgage as a homestead.  It is ordered, adjudged and decreed by the court that the plaintiff's said mortgage on the above described tract of land be and the

same is hereby foreclosed upon the said 735 acres of land (more or less) except the two following tracts of one hundred acres each, to-wit:' (Here follows a description of two tracts of land by metes and bounds aggregating 200 acres, one of them being awarded to Samuel Remley as his homestead and the other being awarded to Mrs. Elizabeth Johnson, as surviving wife of John T. Johnson.) 'Now, it is ordered, adjudged and decreed that the clerk of this court do issue an order of sale directed to the sheriff of Jefferson County, Texas, commanding him, the said sheriff, to seize and sell the above described 735 acres of land (more or less) except the two tracts above mentioned and exempted from the operation of said mortgage as under execution and that he apply the proceeds thereof to the payment and satisfaction of the said sum of twelve hundred and seven dollars, together with all interest that may be due thereon and all costs of this suit; if the said land shall sell for more than sufficient to pay off and satisfy said sums of money, then the said sheriff is hereby directed to pay over the excess to the defendants, and the said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment.

" 'It is further ordered that execution issue in favor of the officers of the court against each party respectively for the cost of each in this behalf incurred.'

"On December 1, 1870, an order of sale issued on the above described judgment, which, omitting description of the land described in the judgment, is as follows:

" 'The State of Texas
  To the Sheriff or any Constable of Jefferson
  County, Greeting:

" 'Whereas, on the 29th day of November, A. D. 1870, John J. French, Sr., recovered a judgment in the District Court of Jefferson County, State of Texas, against Samuel Remley, and Elizabeth Johnson, Admx. and surviving wife of John T. Johnson, deceased, for the sum of twelve hundred and seven dollars, together with all interest that may be due thereon up to the date of said judgment, besides costs of suit, and whereas in said judgment it was ordered that the clerk issue an order of sale directing the sheriff of Jefferson County to seize and sell the following described premises, to-wit:' (Here follows description of the land against which the mortgage was foreclosed.)

" 'Therefore you are hereby commanded to seize and sell the above described 735 acres of land (more or less) except the two tracts consisting of one hundred acres each as last described and adjudged to said Remley and Johnson, as under execution

and apply the proceeds thereof to the payment and satisfaction of the said sum of twelve hundred and seven dollars, together with interest to date of judgment and the costs of this suit, to-wit: Thirty-nine dollars and seventy-six cents as of record is manifest, together with the further costs of executing this writ, if the said land shall sell for more than sufficient to pay off and satisfy said sum of money then you are hereby directed to pay over the excess to the defendants, said plaintiff having agreed and bound himself in open court to bid for said land the amount of said judgment. Herein fail not but of this writ and how you have executed the same make due return before said court in Jefferson County, at the court house thereof in the town of Beaumont, on the third Monday in March, A. D. 1871.

" 'Given under my hand and the seal of the District Court at office this the 1st day of December, A. D. 1870. (Seal) W. F. Gilbert, Dist. Clk. J. C.'

"On February 7, 1871, the sheriff executed the order of sale duly issued under authority of the above described judgment, by selling the land against which the mortgage was foreclosed to John J. French, plaintiff in the judgment, for $463.45. The sheriff's return concludes with this statement:

" 'This order of sale is returned by acknowledging full satisfaction of the judgment recited and described in said order of sale, by order of the plaintiff. E. C. Ogden, Shff. J. Co.'

"On April 18, 1871, Sheriff Ogden executed a deed conveying the 535 acres of land which he had sold under the order of sale to John J. French, Sr., and, as we have stated above, it is admitted by all parties that by mesne conveyances the appellee has acquired whatever title passed by the sheriff's sale and deed to the land here in controversy.

"It was and is the contention of appellants herein that the sheriff's sale of the land was an absolute nullity, because he made the sale for less than the amount of the judgment. They contend that the sheriff had no authority or power to sell the land for less than the amount of the judgment, and that, therefore, lacking authority or power, his act in making the sale was an absolute nullity, and that appellants were permitted to collaterally attack that sale, as they have done in this case. That contention of appellants is because of this language in the concluding part of the judgment:

" 'And the said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment.'

"It is the contention of appellants that this language, which was also carried forward into the order of sale, constituted a material and binding part of the judgment rendered in the old French suit, and that it made the authority or power of the sheriff to sell under the order of sale conditional upon his receiving a bid for a sum of money equal to the amount of the judgment in the French suit. On the other hand, it was and is the contention of the appellee that the quoted language:

" 'And the said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment' was but a mere recital of fact that the plaintiff in the French suit had agreed and bound himself to bid at the sale the amount of the judgment, but that such recital did not constitute any part of the court's mandate or sentence of the law in that suit. As to this contention, we held, as shown in our written opinion, that the language:

" 'And the said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment' was not a part of the judgment itself in the French suit, that is, that it was not a part of the sentence of the law or court's mandate in that suit, but that it was a mere recital of the fact that the plaintiff in that suit had promised in open court to bid the amount of his judgment, and that in selling the land for less than the amount of the judgment, the sheriff did not disobey any material part of the judgment itself.

"*Question No. 1:*

"Were we correct in holding that the language found in the judgment, that

" 'The said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment' did not constitute a part of the judgment itself in the French suit, that is to say, that it was not a part of the court's mandate or sentence of the law, but that it was a mere recital of the fact that the plaintiff had promised in open court to bid the amount of that judgment?

"We further held, as will be seen from our written opinion, that even if the language

" 'And the said plaintiff now here in open court agrees and binds himself to bid for the said land the amount of this judgment' should be considered as a part of the judgment itself—a part of the sentence of the law and mandate of the court, that, nevertheless, the act of the sheriff in selling the land for less than the amount of the judgment in the French suit did not ren-

der his sale an absolute nullity, but that it was only an irregularity, and that, therefore, appellants could not sustain the collateral attack which they have made upon the sheriff's sale.

"*Question No. 2:*

"Were we correct in this holding?

"As we stated in our written opinion, there were circumstances in evidence upon the trial of this case tending to show that the judgment in the old French suit was one by consent of the parties, and counsel for both parties in this court in their briefs have suggested that that judgment was one by consent, and we have treated it in our opinion as having been a judgment by consent. So treating that judgment, we propound a third question, which is:

."*Question No. 3:*

"If Your Honorable Court should be of the opinion that our construction of the old French judgment was erroneous, and should hold that the recital in that judgment, to the effect that the plaintiff, French, agreed and bound himself in open court to bid the amount of the judgment, was a part of the judgment itself, and not a mere recital, that is to say, was a part of the court's mandate in that case, yet, it having been shown by the sheriff's return on the execution that he returned it fully satisfied at the command and direction of the plaintiff, French, did this constitute a substantial compliance by the plaintiff with his obligation under the judgment, and by the sheriff with his duty under the execution?"

In the view we take of the correct answer to the third question certified, we deem it unnecessary to answer the first and second questions. We do not mean to intimate what we think the correct answers to those questions would be. Our answer to the third question settles the case.

Referring to this third question, we would answer that in the affirmative. In other words, even if the judgment of the court had been that there should be no sale unless French bid the amount of the judgment, then we conclude that there was substantial compliance with even that kind of a judgment. Under the law, no other method of compliance could reasonably have been adopted by the sheriff or French in obedience to such a judgment. Under the law in force at that time, the 535 acres had to be sold separately in tracts of not less than ten nor more than forty acres. As a matter of fact, the record shows that twenty-one different lots were sold at this particular sale. Neither French nor any other bidder could have bid the amount

of judgment except in subdivisions thereof. It was not the duty of the sheriff to estimate in advance what each subdivision would bring. Nor could it have been contemplated that French would start his bids upon such subdivision at figures which would become his high bids under the judgment of the court. Therefore, it was necessary, in any event, for the sheriff to wait until all subdivisions had been tentatively struck off before he could determine whether or not the aggregate of the separate bids were equal to or in excess of the amount of the judgment. When those bids were added up, and it was seen that they did not equal the amount of the judgment, then French, in substantial compliance with his agreement, in effect, made such a bid because he, as plaintiff in judgment, ordered the sheriff to return the execution fully satisfied. It was unquestionably true that the main purpose of this recital in the judgment was that the sale should bring enough to pay the debt. The course adopted by the sheriff and French effected this purpose. It is difficult to see how any other method of compliance with the judgment could have been worked out.

This being a judgment by consent, the obligations of the parties assumed therein are governed by the rules applicable to contracts in general, and "it is self-evident that whatever the parties see fit to accept as a performance will be so regarded by the courts." 13 C. J., 674. See also: Butterworth v. Kinsey, 14 Texas, 495. The parties to the judgment in question have acquiesced in this sale, and the manner of its execution, for half a century. Evidently, they considered the action of the sheriff and French as being in substantial compliance with the terms of the judgment.

We recommend that the third question certified be answered in the affirmative. Since this settles the case, we recommend that the other questions remain unanswered.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals. *C. M. Cureton,* Chief Justice.