PALMER et al. v. GUARANTY STATE BANK
OF ALTO et al. (No. 3345.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 24, 1927.

Rehearing Denied March 10, 1927.

1. Appeal and error ⟨⟩1170(12)—Fact that judgment described lease in litigation differently than pleadings held not ground for reversal (Rule 62a for government of Courts of Civil Appeals).

Under rule 62a for the government of Courts of Civil Appeals, providing that no judgment be reversed unless error complained of probably led to improper judgment, judgment describing lease in litigation differently than pleadings *held* not subject to reversal.

2. Landlord and tenant ⟨⟩79(4)—In suit to foreclose lien on lease given as security, evidence held to support finding that 20-year lease was delivered.

In suit on notes and to foreclose lien on 20-year lease given as security, wherein defendant claimed that 10-year lease had been given rather than 20-year lease, evidence *held* sufficient to support jury finding that the 20-year lease had been delivered.

---

**3. Evidence ⊕413—Parol evidence explaining which of two leases was given as security held admissible and not to violate parol evidence rule.**

In suit on notes and to foreclose lien on lease given as security, parol evidence relative to issue raised by defendant's claim that 10-year lease was given rather than 20-year lease *held* not to violate parol evidence rule and was properly admitted.

**4. Trial ⊕352(1)—Court's submission of special issue relative to which of two leases was valid held not objectionable as giving undue prominence to one lease.**

In trial raising issue of which of two leases evidenced contract of parties, the court submitted special issue to jury, "Was the 20-year lease delivered?" *Held*, method of submission was not ground for reversal as giving undue prominence to one lease over other.

**5. Trial ⊕351(2)—Failing to submit written issues which he wished given, defendant's objection to issue submitted held without merit (Rev. St. 1925, art. 2186).**

Where defendant failed to submit written issues which he wished given to jury, as permitted under Rev. St. 1925, art. 2186, his objection to issue submitted *held* without merit.

**6. Trial ⊕68(1)—Court's refusal to reopen case to receive testimony of witness, resident of county but not called during trial, held not abuse of discretion.**

Where defendant's attorney had failed to call witness important in case and resident in county during trial, it was not abuse of court's discretion to refuse to reopen the case for his testimony after other witnesses had been released.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by the Guaranty State Bank of Alto and others against E. P. Palmer and others. From a judgment for the plaintiffs for less than the amount claimed, both plaintiffs and defendants appeal. Affirmed.

By an instrument in writing dated March 20, 1920, appellant E. P. Palmer leased a certain building lot he owned in the town of Alto to J. M. Crawford, who by an instrument dated January 29, 1923, in form a deed, conveyed the lease to the Alto State Bank. The latter by an instrument dated January 12, 1924, also in form a deed, conveyed the lease to appellees Grover Norwood and B. H. McLendon. The consideration for the conveyance last mentioned, according to recitals in the instruments, was $5,520, evidenced by four promissory notes for $1,380 each made by said Norwood and McLendon said January 12, 1924, and payable to the order of said Alto State Bank in monthly installments of $115 each, beginning March 15, 1924. The payment of the notes was secured by a vendor's lien acknowledged in the notes and retained by said Alto State Bank in the instru-

ment whereby it conveyed the lease to said Norwood and McLendon. The suit was by the Guaranty State Bank as the owner and holder of three of the four notes (indorsed in blank by said Alto State Bank) against appellees Norwood and McLendon as the makers thereof and against appellant Palmer. Said Guaranty State Bank alleged that it was stipulated in the notes that a failure to pay an instrument due thereon should operate, at the option of the holder, to mature the notes. It alleged such a failure on the part of the makers of the notes, and that, exercising the option, it had declared the notes due for the entire amount they evidenced. The prayer was for judgment against Norwood and McLendon for the amount of the notes, including attorney's fees stipulated for therein, and for a foreclosure of the lien retained on the lease to secure the payment of the notes, which lease, the bank alleged, was for a period of 20 years from April 1, 1920; and the bank alleged, further, that if the lease was not for a term of 20 years said Palmer was estopped from so asserting, by reason of the fact that he was president and a director of the Alto State Bank at a time when it made loans to Crawford on the security of the lease and at the time it acquired ownership of the lease from Crawford on the faith of its being a lease for 20 years. In his answer appellant Palmer alleged that the lease he made to Crawford was for 10, and not for 20, years from April 1, 1920, and for a rental of $240 per year for the first 5 of the 10 years, and a rental of $300 per year for the last 5 of the 10 years, and denied that he was estopped from asserting the facts to be as he alleged same to be. In his answer appellee McLendon alleged that he and appellee Norwood (whose rights he had acquired, he said) purchased the lease of the Alto State Bank, agreeing to pay therefor $5,520 as alleged by the Guaranty State Bank, and in addition thereto to pay Palmer a rental of $20 per month, relying on the truth of a representation made to them by said Alto State Bank that the lease was for 20 years from April 1, 1920, at a rental of $20 per month and with the option to renew same for 20 years longer at $25 per month.

It appeared from testimony heard at the trial that appellant Palmer executed two leases to Crawford, and that both of them were dated March 20, 1920. One of the leases (executed in duplicate by both Palmer and Crawford) purported to be for 20 years from April 1, 1920, for a rental of $240 per year for the first 5 years, $300 per year for the next 10 years, and $400 per year for the last five years. The other one of the two leases purported to be for 10 years from April 1, 1920, for a rental of $240 per year for the first 5 years and of $300 per year for the last 5 years. Palmer's contention that the lease he made to Crawford was for only 10 years

was supported by his testimony as a witness that he discovered after he executed the 20-year lease that it did not truly evidence his agreement and for that reason he did not deliver same, but, retaining possession on both copies thereof, executed the lease for 10 years and delivered it to Crawford instead. The only issue submitted to the jury was one as follows: "Was the 20-year lease delivered?" The jury answered the question in the affirmative, whereupon the court rendered judgment establishing the 20-year lease as the one made by Palmer to Crawford, canceling the instruments, hereinbefore referred to as in reality leases but in form deeds, from Crawford to the Alto State Bank and from the latter to Norwood and McLendon, as clouds on the title of Palmer to the land; in favor of the bank against McLendon for a part only of the amount it sued for, with a foreclosure of the lien it claimed on the 20-year lease; and in favor of Norwood against the bank for the costs incurred by him. Palmer was dissatisfied with the judgment because it established the 20-year lease instead of the 10-year lease as the one evidencing the contract between him and Crawford, and prosecuted an appeal therefrom. The bank also was dissatisfied because the judgment denied it part of the relief it sought, and it, too, prosecuted an appeal therefrom. It appears from a statement in McLendon's brief, the correctness of which has not been questioned here, and from documents filed since the cause was argued here, that the case as between said McLendon and the bank has become a moot one. Therefore we have not thought it necessary to more fully state the case as the record shows it to be between those parties, nor to consider the bank's contention based on its complaint, because it was denied relief it sought against McLendon.

V. E. Middlebrook, of Nacogdoches, for appellants.

Perkins & Perkins and W. T. Norman, all of Rusk, and Spence, Smithdeal, Shook & Spence, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-3] The dispute between Palmer and the other parties was as to whether the 10-year lease or the 20-year lease executed by him became effective by a delivery thereof to Crawford. The jury having found that the 20-year lease was delivered, the court undertook by his judgment to establish it as the contract binding on the parties. It will be noted, on referring to the statement above, that in its pleadings the bank described the lease as one for 20 years from April 1, 1920, and did not undertake to state its terms, while McLendon alleged that the bank represented the lease it sold to him and Norwood as being for 20 years from said April 1, 1920, at $20 per month, and as providing that it might be extended for 20 years longer at $25 per month. In the court's judgment the lease was described as for 20 years from said April 1, 1920, at $20 per month for the first 5 years, $25 per month for the next 10 years, and $33.33⅓ for the last 5 years. The pleadings and judgment being as stated, we think it is plain that appellant's contention that the judgment was without support in the pleadings should be overruled. Rule 62a for the government of Courts of Civil Appeals; Taylor v. Merrill, 64 Tex. 494; Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Parks v. Sullivan (Tex. Civ. App.) 152 S. W. 704. We think it is also clear that Palmer's contention that the finding of the jury that he delivered the 20-year lease to Crawford was without testimony to support it should be overruled. While there was no direct testimony that the instrument was so delivered, and Palmer testified it was not, there was testimony that Crawford was in possession of the instrument and deposited it with the Alto State Bank as collateral security for the payment of money it loaned to him, and other testimony which the jury had a right to construe as tending to show a delivery of the instrument. And as we view it, there is no more merit in the contention that the trial court erred, in that, it is charged, he admitted parol evidence tending to vary the terms of the written contract between Palmer and Crawford. There was no dispute between the parties as to the terms of either of the leases, nor was any effort made to vary their terms. The sole issue was as to whether the 10 or 20 year lease as written evidenced the contract between Palmer and Crawford.

[4, 5] Appellant objected to the question propounded by the court to the jury, to wit, "Was the 20-year lease delivered?" The objection and argument in support of it were as follows:

"The defendant E. P. Palmer excepts to the special issue No. 1 as submitted because it is not so worded as to give the same prominence to both leases introduced in evidence, but does give undue prominence to the 20-year lease and withholds from the jury the 10-year lease. The issue, if submitted at all, should be submitted so as to place before the jury both leases and in words substantially as follows: Which of the two leases, the 10-year or the 20-year lease, was executed by E. P. Palmer and delivered to Dr. Crawford?"

Appellant insists here that the issue as submitted was calculated to mislead the jury in view of his testimony as a witness that, when a question arose as to whether the lease he made to Crawford was for 10 or for 20 years, he turned over both of the leases to the witness Mangrum, who wished to show them to the Alto State Bank and McLendon. The argument is that as propounded to them the question did not require the jury to find to whom the lease was delivered, and that their finding that it was delivered may have been based on appellant's testimony that he

turned it over to Mangrum for the purpose stated. In determining the contention it must be assumed that the jury was composed of men of ordinary intelligence. It is not reasonable to believe that such men did not discover while trying the case that the dispute between the parties was as to whether the 10 or the 20-year lease evidenced the contract between Palmer and Crawford, and that the determination of the dispute depended upon whether the 20-year lease was delivered by Palmer to Crawford, and not at all on the fact that it was turned over to Mangrum for the purpose specified. We think there is no merit in the contention, and therefore overrule it. And we think there is no more merit in appellant's insistence in connection with said contention that he was entitled to have the issue submitted to the jury in the form, substantially, suggested by him in his objection. In support of his insistence appellant cites Ry. Co. v. Wagner (Tex. Civ. App.) 262 S. W. 902, where the court said:

"The defendant is entitled to have all his defenses affirmatively submitted when proper request is made therefor."

Assuming that the case from which the quotation is made and others like it cited by appellant have any application here, they furnish no reason for sustaining his contention, for it does not appear in the record that he formulated the issue as he thought it ought to be and presented same to the court with a request that he give to the jury. Article 2186, R. S. 1925; Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Schaff v. Ridlehuber (Tex. Civ. App.) 261 S. W. 523.

[6] It appears from bills of exceptions and the trial court's qualifications thereof in the record that when the parties closed the testimony in the case at about 5:30 p. m. August 25, 1926, Palmer's attorney stated to the court that he might want to use Crawford as a witness next morning, whereupon the bank's attorney stated that if the hearing of testimony was closed he wished to excuse his witnesses, one of whom wanted to go to his home in Houston, from further attendance on the court, and then asked the court to say whether the case would be reopened for the introduction of testimony the next morning. "There being nothing definite as to Dr. Crawford being used," it is recited in the qualification to a bill of exception, "the court then ruled no other evidence would be permitted only by agreement," whereupon the bank's attorney excused his witnesses, including the one from Houston. The next morning Palmer's attorney offered Crawford as a witness, and the bank's attorney objected on the ground that, relying on the statement of the court that he would hear no further evidence in the case unless by agreement of the

parties, he had excused his witnesses and they were not present in court. The court then refused to permit Crawford to testify, and his refusal is complained of here. It appears in the record that both Palmer and Crawford resided in the town of Alto, in the county where the cause was tried, but that Crawford was out of said town during said August, 1925. As Crawford was a party to the lease in question, Palmer must have known his testimony would be important in the case, and yet he had not had him subpœnaed as a witness nor resorted to other means provided by law to obtain his testimony. Such being the case, we do not think it should be held that the trial court abused the discretion he possessed in the matter when he refused to reopen the case and permit Crawford to testify. Mynatt v. Howard (Tex. Civ. App.) 273 S. W. 276; Texas Co. v. Ramsower (Tex. Civ. App.) 255 S. W. 466. The bank's witnesses having been rightfully excused and no longer in attendance on the court, a contrary ruling might very well have resulted in advantage to Palmer, who was in fault in not having the witness present and offering him before the testimony was closed, and injury to the bank, which was not in fault in the matter.

Most of the many other contentions in appellant's brief relate to rulings of the court in admitting or excluding testimony. We have considered all of them, and think none of them present a reason why the judgment should be reversed.

The judgment is affirmed.