CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

═══

### F. C. PENNINGTON PRODUCE CO. v. BROWNING. (No. 1015–4903.)*

Commission of Appeals· of Texas, Section A. Nov. 30, 1927.

**I. Sales ⊚⟺177—Where title to turkeys had passed, but possession was retained as payment security, delivery to carrier under shipper's order bill of lading held not delivery to buyer.**

As respects question of buyer's breach by refusal to accept turkeys sold where under the contract the title had passed, but the right to possession was to remain with the seller as security for payment, the delivery of the turkeys to a railroad company for shipment under shipper's order bill of lading held not a delivery of possession to the buyer under the theory that the railway company was the buyer's agent, since the contract provided otherwise.

**2. Sales ⊚⟺177—Contract passing title, but reserving possession as payment security, held breached by purchaser's rejection of shipment.**

In action for a breach of contract for the purchase of turkeys by which contract title passed on sale, but possession was retained by the seller, under terms of the contract, as security for payment, held, that the buyer breached its contract of purchase when it refused to accept and pay for the turkeys which the seller had shipped on their arrival at the point to which shipped.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by W. M. Browning, doing business under the name of W. M. Browning & Co., against the F. C. Pennington Produce Company. A judgment for plaintiff was affirmed by the Court of Civil Appeals (293 S. W. 935), and defendant brings error. Affirmed.

Dial & Brim, of Sulphur Springs, and Wear & Wear, of Hillsboro, for plaintiff in error.

Morrow & Stollenwerck, of Hillsboro, for defendant in error.

HARVEY, P. J. The defendant in error, W. M. Browning, doing business under the trade-name of W. M. Browning & Co., brought this suit against the plaintiff in error, F. C. Pennington Produce Company, a corporation, in the district court of Hill County, to recover damages for an alleged breach of a contract of sale of two carloads of dressed turkeys. As constituting said breach, the plaintiff alleged the refusal of the defendant to accept the turkeys and pay for same. The plaintiff sought to recover, as damages, the difference between the contract price of the turkeys and the net proceeds of a resale thereof by the plaintiff after the alleged breach. The trial court gave judgment for the amount sued for, and the Court of Civil Appeals affirmed that judgment. 293 S. W. p. 935.

The contract of sale was oral, and its terms are alleged in the plaintiff's petition as follows:

"That it was agreed and understood by and between the plaintiff and defendant that the plaintiff would deliver the two carloads of dressed turkeys to the defendant by delivering same to the carrier at Hillsboro, Tex., consigned to the order of W. M. Browning & Co. at New York City, N. Y., and the defendant promised and agreed and bound and obligated itself to pay to the plaintiff the price of 33 cents per pound for said turkeys according to their weight at Hillsboro, Tex., and to make

─────
⊚⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied January 18, 1928.

said payment based upon delivery f. o. b. cars at Hillsboro, Tex."

The contract was proved as alleged. It was further alleged and proved that the plaintiff loaded the turkeys on the cars at Hillsboro and consigned them for shipment to W. M. Browning & Co., the plaintiff, at New York, in accordance with the contract; that one of said cars of turkeys was shipped by freight and the other by express, this being done by the plaintiff under the defendant's instructions; that the carrier issued to the plaintiff a shipper's order bill of lading—"notify W. M. Browning & Co."—to cover the freight shipment, and an express receipt naming W. M. Browning & Co. as consignee, to cover the shipment by express. Thereafter the plaintiff, under instructions from the defendant, drew draft upon Hugo Josephy & Son of New York for the contract price of the turkeys, indorsed the bill of lading and express receipt, attached them to the draft, and forwarded same, together with the draft, to a bank in New York to be delivered by the bank to Josephy & Son upon payment of the draft; that Josephy & Son refused to pay the draft and receive the turkeys upon their arrival in New York; that plaintiff notified the defendant of such refusal, tendered delivery of possession of the turkeys, and demanded payment of the purchase price; that defendant refused to accept and pay for the turkeys; that thereupon the plaintiff sold the turkeys in New York at the prevailing market price, and, after deducting the freight charges and expenses of sale, applied the balance as a credit on the contract price.

[1] That the title to the turkeys passed to the defendant upon their delivery by the plaintiff to the carrier at Hillsboro is conceded by both parties to the suit. But the defendant, by which term we shall continue to designate the plaintiff in error, contends that, under the terms of the contract as it is alleged and proved, the delivery to the carrier at Hillsboro effected a completed sale of the turkeys in the sense that possession of the turkeys, as well as title thereto, passed to the defendant by such delivery, and that, consequently, the defendant is shown not to have breached the contract of sale. This contention is based upon the proposition that, because the contract stipulated that the turkeys were to be delivered to the defendant by delivering them to the carrier at Hillsboro, the delivery to the carrier operated as a delivery of possession to the defendant, the carrier being the agent of the defendant to receive possession in behalf of the defendant. In considering this contention we meet with the important fact that the contract also provided that the turkeys were to be delivered to the carrier "consigned to W. M. Browning & Co. at New York." This provision plainly renders the contract susceptible of the meaning which the trial court ascribed to it; that is to say that the delivery to the carrier should have effect to invest the defendant with the right of property in the turkeys, but the right of possession should remain in the plaintiff as security for the purchase price. It is hardly reasonable to suppose that the contracting parties would provide in the contract, as they did, that the turkeys should be consigned to the plaintiff's order at New York, thereby preventing transmission of the carrier's manual possession to the defendant without the plaintiff's consent, while intending at the same time that the carrier was to be the agent solely of the defendant.

[2] The plaintiff never having lost his right of possession of the turkeys to secure the payment of the purchase price, the defendant breached its contract when it refused to accept and pay for the turkeys upon their arrival in New York. Farmers' Rice Milling Co. v. Standard Rice Co. (Tex. Com. App.) 276 S. W. 904.

From what we have said, it is not to be inferred that we think that, in the absence of the contract stipulation which we have pointed out, the shipper's order bill of lading and express receipt, as symbolizing the property covered by them, would not have preserved in the plaintiff his possessory right to the property, as unpaid vendor.

It is our opinion that the holding of the Court of Civil Appeals on the several questions discussed in their opinion in the case is correct, and that they reached a proper conclusion. We therefore recommend that the judgment of that court, affirming the trial court's judgment, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.