### EDWARDS et al. v. GIFFORD.
### No. 3518.

Court of Civil Appeals of Texas. Beaumont.
July 28, 1939.

Rehearing Denied Oct. 11, 1939.

David E. O'Fiel, of Beaumont, for appellants.

H. C. Cunningham, of Beaumont, and B. T. McWhorter, Jr., of Pt. Arthur, for appellee.

WALKER, Chief Justice.

As tried in the lower court, this was an action in trespass to try title by appellee, F. E. Gifford, defendant and cross plaintiff, pleading the statute of limitations of ten years, against appellants, A. W. Dycus, Jr., Administrator of the Estate of A. W. Dycus, Sr., decd., Mrs. Violet G. O'Fiel, joined by her husband, David E. O'Fiel, and Virginia Edwards, plaintiffs and cross defendants, to recover the East ½ of lot 7, block 6, range F of the Port Arthur Land Company survey in Jefferson County; appellee also impleaded his warrantor, Grant Johnson. Appellant, A. W. Dycus, Admr., answered by disclaiming as to the East ½ of the East ½ of lot 7, the land in controversy, and by plea of not guilty as to the West ½ of the East ½; the other appellants answered by disclaiming as to the West ½ of the East ½, and by plea of not guilty as to the East ½. Only the following issue was submitted to the jury, answered in the affirmative: "Do you find from a preponderance of the evidence that the defendant, F. E. Gifford and Grant Johnson, under whom Gifford claims, held peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same for a period of ten years prior to the 7th day of September, A. D. 1937?" On the verdict, judgment was entered in favor of appellee for all the land in controversy, from which appellants have duly prosecuted their appeal to this court.

Appellants' motion for an instructed verdict rested upon two theories of the evidence, both without merit.

█ (1) It is contended that, under the undisputed evidence, appellee and his grantor, Grant Johnson, were not in possession of the land in controversy, claiming it adversely to appellants for any period of ten years prior to the filing of this suit on the 4th day of September, 1937. It would serve no useful purpose to review the evidence on this theory of the case. On the testimony offered by appellee, he and his grantor had been in continuous possession of the land, claiming it under all the conditions submitted by the court's charge, for more than ten years. Under appellants' theory of the evidence, appellee and his grantor held it as tenants under appellants' grantor. Also, there is no merit in the contention that appellee and his grantor, Johnson, "have not asserted title to, and were not in possession of the East ½ of the East ½ of the lot in controversy"; under appellee's testimony, he and his grantor were in possession of all the land in controversy.

█ (2) Appellants' second contention is that Grant Johnson, appellee's grantor, was a party to the final judgment entered by the court on the 30th day of August, 1930, in cause No. 27,755, Longshoreman & Dockworker's Association, No. 1001, on the docket of the district court of Jefferson County, and that by that judgment the plaintiff in that case recovered against Grant Johnson all his right, title, claim, and interest in and to the land in controversy. The point made is that appellee did not perfect a limitation title subsequent to the entry of the judgment in cause No. 27,755. The facts were as follows: On the 3rd day of December, 1926, the plaintiff in cause No. 27,755 instituted its action in trespass to try title against Grant Johnson and certain other named defendants, praying for judgment against them for the title and possession of the very land in controversy in the suit at bar. On the 30th day of August, 1930, A. W. Dycus, Sr., and Security Realty & Development Company, through whom appellant Mrs. O'Fiel claims, filed their pleas of intervention in that cause, each claiming an undivided ½ interest in the land sued for by the plaintiff. On that day the plaintiff and the two intervenors and appellant Mrs. Edwards, entered into an agreement to the effect that the plaintiff and the intervenor Dycus should recover the West ½ of the land sued for, and that Mrs. Edwards and the intervenor Security Realty & Development Company should recover the East ½. On the day the agreement was made, the court entered judgment effectuating the agreement by decreeing to the plaintiff and the intervenor Dycus, as against Mrs. Edwards and the intervenor Security Realty & Development Company, title to the West ½, and by decreeing to Mrs. Edwards and the intervenor Security Realty & Development Company, as against the plaintiff and

the intervenor Dycus, title to the East ½. Grant Johnson was not named in the judgment, directly nor by inference, nor did the judgment purport to adjudicate his interest in any way nor to any extent. Neither directly nor by inference was Grant Johnson a party to the judgment entered upon the agreement of the parties. Courts are entirely without authority to enter any judgment by agreement other than a judgment falling strictly within the stipulation of the parties. Wyss v. Bookman, Tex. Com.App., 235 S.W. 567. It appears from the terms of the agreement upon which the court entered its judgment that no effort was made by the parties to the agreement, and that it was not within their intention, to dispose of the interest of Grant Johnson; for that reason it was not within the scope of the judgment entered by the court, on the agreement of the parties, to adjudicate his interest. Again, agreed judgments are construed as contracts, and the rights of the parties to the agreed judgment are governed and controlled by the rules of law applicable to contracts in general. Empire Gas & Fuel Co. v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1240; Tyner v. City of Port Arthur, 115 Tex. 310, 280 S.W. 523; Frazier v. Hanlon Gasoline Co., Tex.Civ.App., 29 S.W.2d 461; 25 Tex.Jur. 367. So, since Grant Johnson was not a party to the settlement agreement, he was not bound by the judgment entered on the agreement.

◼ Appellants complain that the court refused to submit to the jury, on their exceptions, certain affirmative defenses which, they say, were raised by the evidence. There was no attempt by the court to submit these issues to the jury; as stated above only the issue of ten years limitation was submitted. Appellants saved their points simply by excepting to the court's charge; they did not prepare and tender to the court special issues, carrying to the jury their affirmative defenses. These points are not before us for review. Appellants rested under the burden of preparing these special issues, and submitting them to the court, and requesting their submission. In Texas & New Orleans R. Co. v. Crow, Tex.Civ.App., 101 S.W.2d 274, 275—the holding was affirmatively approved by the Supreme Court, 123 S.W.2d 649 —this court held that, where an issue is not made by the court a part of his charge, the complaining party must himself prepare a special charge, and tender it to the court, and request its submission. Our

court said: "Appellant did not prepare an issue submitting the question of unavoidable accident, and request its submission. The objection to the charge that it did not contain such issue, and a mere request to the court that it prepare and submit such an issue, was not sufficient, and the failure of the court to do so was not error. To entitle appellant to urge the objection sought, it must have prepared a special charge submitting the question to the jury, and tendered same to the court for submission. The mere objection to the charge because it omitted such issue and a request that the court prepare and submit such issue, was not sufficient to bring the matter up for review. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Palmer v. Guaranty State Bank (Tex.Civ.App.) 292 S.W. 953; Pennington Produce Co. v. Browning (Tex. Civ.App.) 293 S.W. 935, affirmed (Tex.Com. App.) 299 S.W. 870; Archibald v. Bruck (Tex.Civ.App.) 264 S.W. 500; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849, 852. Same case by Supreme Court on application for mandamus, Harris v. Leslie [128 Tex. 81], 96 S.W.(2d) 276."

From what we have said, it follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

### On Rehearing.

◼ Appellants assert that the following conclusion given in the original opinion is without support in the record: "Appellants complain that the court refused to submit to the jury, on their exceptions, certain affirmative defenses which, they say, were raised by the evidence. There was no attempt by the court to submit these issues to the jury; as stated above only the issue of ten years limitation was submitted. *Appellants saved their points simply by excepting to the court's charge; they did not prepare and tender to the court special issues, carrying to the jury their affirmative defenses.*" In the lower court, after appellants' motion for an instructed verdict had been overruled, they prepared for submission to the jury, and tendered it to the court, a charge reading in part as follows: "Gentlemen of the Jury: This case is submitted to you upon special issues, your answers to which will constitute your verdict, and will be made the basis for the judgment of the Court in

this case. You are the sole judges of the facts proven, the credibility of the witnesses and the weight to be given their testimony, but the law you are bound to receive from the Court, which is herein given to you and in any charge that the Court may give you." The opening statement was followed by instructions on the statutes of limitations, definitions of peaceable possession, adverse possession, and continuous possession. Following these instructions, appellants made a part of their charge some eight or ten questions; question No. 1 being in substance the issue submitted by the court to the jury; questions Nos. 3, 3a, 4, and 5 submitted in substance the same ultimate fact issue. No question submitting an ultimate fact was prepared and requested by appellants except as a part of their charge; their request for fact submissions was only by the charge described above. In their briefs, appellants do not complain that the court should have submitted to the jury the very charge prepared by them. They now contend that the court should have examined their charge and submitted as a part of his charge the issues raised by the facts, and that he should have made a choice among the issues requested by them on the same ultimate fact issue. Certainly, it cannot be said that the court erred in refusing to submit the charge in the form requested by appellants; also it must be said that the court did not rest under the duty of searching through appellants' requested charge and making a part of his charge such of the issues as had support in the evidence. Appellants should have prepared and presented to the court, in support of their exceptions to the court's charge, the issues raised by the evidence as they construed the evidence. Again, as we construe appellants' propositions, they do not complain of the court's refusal to submit the issues embodied in the charge submitted by them to the court, but their complaint is that the court erred in refusing to make a part of his charge the issues called to his attention by their exceptions. We quote from their propositions:

(a) "The trial court erred in refusing to submit an issue to the jury requiring a finding at their hands as to whether or not the said F. E. Gifford and Grant Johnson, under whom Gifford claimed, up to within less than ten years before suit was filed, were holding the possession of the said land under an agreement with A. J. Edwards and others, his associates, and for

and on behalf of the Longshoremen & Dock Workers Associations, of which the said Grant Johnson and A. J. Edwards and others colloborating with him, claimed to be the sole surviving members of such association";

(b) "The trial court erred in not submitting an issue to the jury for their consideration as to whether or not F. E. Gifford, and Grant Johnson, under whom he held and claimed, claimed to be holding the land in controversy for and in behalf of the Longshoremen & Dock Workers Association of Port Arthur, Texas, of which the said Grant Johnson claimed to be a member, for a period of up to within less than ten years before the filing of the suit";

(c) "The trial court erred in failing to submit to the jury the appellants' defensive issues raised by the evidence, and to require a finding of the jury as to the date when the said F. E. Gifford and the said Grant Johnson, under whom Gifford held, ceased to hold the said land in controversy for and on behalf of the Longshoremen & Dock Workers Association of Port Arthur, Texas. (This proposition is germane to the 5th assignment of error, plaintiff's amended motion for new trial)";

(d) "The trial court erred in not submitting to the jury separate issues for their determination of the claims made by the plaintiffs, appellant here, Edwards and O'Fiel as distinct from the claims made by the appellant Dycus of such asserted adverse possession of the land in controversy. The evidence showing that the appellants, Edwards and O'Fiel claimed the East one-half of the East one-half of the said land in controversy, and that the said Grant Johnson by his acts shown by the evidence, was not asserting title to, and was not in possession of the East one-half of the East one-half of the said land."

Appellants made the following statement under proposition (a):

"That the evidence would raise such issue * * * and Edwards and O'Fiel excepted to the failure of the Court to submit to the jury an issue of whether or not Gifford, and those under whom he held was holding the possession which they did hold, if any, of the lands in controversy under an agreement with Edwards and others, Grant Johnson and associates, and for and on behalf of the Longshoremen & Dock Workers Association. The appellants, Edwards and O'Fiel requested the

submission of such issue as to the tract of land claimed by them, also special issue No. 3, No. 3a, No. 4 and No. 5, made substantially a similar request, which were overruled and refused by the Court, to which action of the Court, the appellants excepted."

Statements of the same nature were made in support of propositions (b), (c), and (d). On the statement made, it is our conclusion that appellants have briefed their case only on their exceptions to the court's charge; it is also our conclusion that they did not prepare and submit to the court, in the manner required by the rules, special issues carrying to the jury fact issues. The motion for rehearing is overruled.

▇ On appellants' request we make the following additional fact conclusions:

(1) "On October 5, 1914, the Longshoremen & Dockworkers Association No. 1001 bought the East one-half of Lot 7 Block 6 Range F of the lands of the Port Arthur Land Company Survey in Jefferson County, Texas from Charles Dunn";

(2) "In the suit entitled Longshoremen & Dockworkers Association No. 27755, said named association was plaintiff and A. J. Edwards, Grant Johnson and Bennie Dees were named as defendants";

(3) "Affidavit and bond in sequestration were duly made and filed in said cause by plaintiff; writ of sequestration was issued on December 6, 1926, commanding the sheriff or any constable of Jefferson County, Texas to take into possession the said land, the subject matter of said suit, and said writ of sequestration was duly served by said officer by taking said land into his possession, as shown by the officer's return on the writ of sequestration";

(4) "Grant Johnson, Bennie Dees and A. J. Edwards duly executed and caused to be approved and filed their Replevin Bond in said suit No. 27755, and continued in possession of said land thereafter";

(5) "Grant Johnson was a member of the Longshoremen & Dockworkers Association No. 1001, the plaintiffs in suit No. 27755";

(6) "In suit No. 27755, entitled Longshoremen & Dockworkers Association vs. A. J. Edwards, et al, Grant Johnson was named as a defendant having filed his Replevin Bond in said suit, Grant Johnson filed an answer in the case, but did not interpose any claim for affirmative relief";

(7) "The said Longshoremen & Dockworkers Association was a corporation not organized for profit, having no capital stock, and at the time of its incorporation, not being possessed of any assets; it was organized to protect its members and their employment as longshoremen, and maintained itself as to its expenses solely by dues and assessments paid by or levied on its members."

▇ On the ground that they are not supported by the uncontradicted testimony but merely present fact issues for the jury, we decline to make the following fact findings requested by appellants:

(a) "Grant Johnson went into possession of the said land in controversy under an agreement with the officers and members of the said Longshoremen & Dockworkers Association No. 1001 some time about the purchase of same about October 15, 1914, and continued in possession of the said land without any repudiation of such relationship until some time about 1937, when the said Grant Johnson sold the land to F. E. Gifford, the appellee, by his deed to the said Gifford, executory in character, dated February 15, 1937";

(b) "The suit No. 27755 was by the Longshoremen & Dockworkers Association acting by one set of its members who claimed to be and to represent the Longshoremen & Dockworkers Association as plaintiffs, A. J. Edwards, Grant Johnson and Bennie Dees, who claimed to be the only surviving members in financial standing of the Longshoremen & Dockworkers Association and as such entitled to claim said land";

(c) "Though claiming the said land as a member of such association, Grant Johnson was claiming the said land with A. J. Edwards and Bennie Dees and was not claiming adversely to the said A. J. Edwards and Bennie Dees, nor against the said association."

▇ The motion to certify is overruled; the Supreme Court has jurisdiction of all points raised by this appeal, and appellants can have full relief by their petition for writ of error.