## DE GARZA et al. v. MAGNOLIA PETROLEUM CO.

### No. 9557.

Court of Civil Appeals of Texas. San Antonio.

March 27, 1935.

Rehearing Denied June 5, 1935.

Neel & King and Mann & Mann, all of Laredo, for appellants.

Thos. H. Ward, of Laredo, for appellee.

BICKETT, Chief Justice.

This is an appeal by Paula V. De Garza and others from an order sustaining the plea of privilege of Magnolia Petroleum Company to be sued in Jim Hogg county rather than in Webb county.

The issue is as to whether the suit is one for the recovery of damages to land or for the recovery of damages for breach of contract.

In a former suit between the same parties, No. 9947, Paula V. De Garza et al. v. Magnolia Petroleum Company, in the district court of Webb county, there was entered on March 24, 1931, an agreed judgment, which recited the terms of the compromise agreement and which provided that "the agreement, as incorporated in this judgment, be and the same is the judgment of this court." The agreement read, in part, as follows: "3. Relative to avoiding and preventing damage in the future defendant, Magnolia Petroleum Company, agrees that it will build or cause to be built a sufficient number of earthen tanks to hold and maintain under all ordinary conditions the salt water, oil and other refuse substances from the oil wells and leases now being operated by it in Jim Hogg County in what is known as the Randado Pool, thereby preventing the flow of further salt water, oil and other refuse substances unto and over the land and into tanks belonging to plaintiffs as described in plaintiffs' original petition. Said defendant, Magnolia Petroleum Company, agrees that it will build said tanks or reservoirs at the most advantageous places and that it will use due diligence in all particulars with all the means available and at hand to store and hold in storage all the salt water and waste flowing from its said wells; and failure to do so on its part will constitute breach of covenant or negligence for which an action for future damages will lie; but it is understood and agreed that the Magnolia Petroleum Company will not be liable for damages caused by the escape of salt water, oil or other refuse matter resulting from an act of God or other casualties beyond its control provided reasonable efforts and diligence have been used by Magnolia Petroleum Company to impound said salt water, oil and other refuse substances in storage tanks. The phrase or words 'act of God or other casualties beyond its control' as used herein shall be construed as including excessive, unusual, unprecedented and unforeseen floods and rain storms."

The plaintiffs in this suit pleaded the former judgment at length and alleged the breach of the obligations thereby created and prayed for the recovery of actual and exemplary damages and sought a mandatory injunction.

A consent judgment rendered upon and in accordance with the terms of a written agreement of the parties becomes a contract, as well as an adjudication, between the parties. Reagan County Purchasing Co. v. State (Tex. Civ. App.) 65 S.W.(2d) 353, and cases there cited.

A cause of action for damages for breach of covenant, rather than for dam-

454

ages to land, is shown by a petition alleging the rendition of an agreed judgment in another case between the same parties, the creation thereby of an obligation to prevent the flow of salt water, oil, and refuse substances over certain land, the breach of that obligation in various particulars, and the loss resulting therefrom. The quoted portions of the judgment make the rights and obligations of the respective parties to rest upon the terms agreed. It is noteworthy that Magnolia Petroleum Company affirmatively agreed to build tanks or reservoirs and to use all available means at hand for storage of salt water and waste from its oil wells. It is also significant that it was stipulated that failure to perform the obligations created by the terms of the agreement should constitute a breach of covenant or an act of negligence. The cause of action alleged in this case was not one sounding in tort, but one for damages for breach of covenant.

The sole ground of the plea of privilege was that the suit was one for the recovery of damages to land within the contemplation of article 1995, subdivision 14, Revised Civil Statutes of Texas (1925).

The proper venue of this cause, therefore, is controlled by article 1995, subdivision 23, Revised Civil Statutes of Texas (1925), reading, in part, as follows: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation * * * has an agency or representative. * * *" Houston Lighting & Power Co. v. Jenkins (Tex. Civ. App.) 5 S.W.(2d) 1030; Reagan County Purchasing Co. v. State, supra; O'Connor v. Shannon (Tex. Civ. App.) 30 S. W. 1096; Burkitt v. Wynne, 62 Tex. Civ. App. 560, 132 S. W. 816.

The judgment of the district court, is accordingly, reversed, and judgment is here rendered that appellee's plea of privilege be overruled.

## On Motion for Rehearing.

Appellee's motion for rehearing is overruled upon the additional authority of Farmers' Seed & Gin Co., Inc., v. Brooks (Tex. Com. App.) 81 S.W.(2d) 675, decided April 24, 1935, but not yet published [in State Reports].