## PLUMLY v. PLUMLY.
### No. 11803.

Court of Civil Appeals of Texas.
San Antonio.
March 3, 1948.

Rehearing Denied April 7, 1948.

Woodville J. Rogers, of San Antonio, for appellant.

Kampmann & Burney, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from an order of the 45th District Court of Bexar County, Texas, overruling the motion of Henry Curtis Plumly for a modification of a decree of divorce rendered in said court in cause No. F–17164, styled Jane Jackson Plumly (now Dawson) v. Henry Curtis Plumly, on May 29, 1944, wherein provision was made for the support and maintenance of two minor children, Henry Curtis Plumly, Jr., and Ben Jackson Plumly. The motion was based upon the proposition that one of said children since the decree of the court was rendered had attained his majority, quit school, had married and had moved to South America to accept employment.

The original decree of divorce reads, in part, as follows:

"On this the 29th day of May, A. D. 1944, came on to be heard the above styled and numbered cause, and the plaintiff and defendant, both being present in open court and represented by counsel, and a jury being waived, all matters of fact as well as of law were submitted to the court, and the court having heard all of the evidence and the argument of counsel, is of the opinion that the allegations of plaintiff's first amended original petition, insofar as they apply to the question of divorce, are true, and that the plaintiff should be given a divorce from the defendant.

"The court further finds that the plaintiff is a proper person to have the care and the custody of the two minor children born to the marriage of plaintiff and defendant, and that she should be awarded their custody;

"The court further finds that the defendant should provide for the support, maintenance and education of the two minor children of the marriage and that a portion of his separate property should be placed in trust and the income thereof turned over to the plaintiff for the purpose of being expended for the support, maintenance and education of the two minor children of said marriage;"

At this point in the proceedings the parties entered into the following property

settlement agreement, the pertinent parts of which read as follows:

"Whereas, in Cause No. F–17,164, styled Jane Jackson Plumly v. Henry Curtis Plumly, in the District Court, 45th Judicial District of Bexar County, Texas, the plaintiff, Jane Jackson Plumly, sues the defendant, Henry Curtis Plumly, for a divorce and division of the community property, for an interest in all of his separate property, and for the care and custody of the two minor children and for their support and maintenance; and,

"Whereas, the court has announced his intention in the final decree to grant the plaintiff a divorce and to divide the community property equally between the plaintiff and the defendant, to grant the plaintiff the custody and control of said two minor children named in said petition, provide for their support and maintenance, and to deny the plaintiff any right, title or interest in and to the defendant's separate property; and,

"Whereas, after the court had made its views known to the parties and their counsel, they retired from the courtroom and entered into the following agreement with reference to said community property, the support and maintenance of the children and the defendant's separate property, to-wit:

"I. The defendant, Henry Curtis Plumly, will pay to the plaintiff, Jane Jackson Plumly, the sum of $60,000.00, payable $30,000.00 in cash upon the entry of the final decree, and $30,000.00 additional, represented by a promissory note payable to Jane Jackson Plumly, dated as of the day of the decree, due on or before one year from date, bearing interest at the rate of 3% per annum, payable at San Antonio, Texas, and secured by a deed of trust mortgage lien on the property located at 309 Hermosa Drive, East, in Olmos Park Estates, in the city of San Antonio, Bexar County, Texas, and further secured by a tract of land containing 289.89 acres located near Crystal City in Zavalla County, Texas, and known as the Crystal City Farm, said mortgage and said note to be in the usual form for such instruments.

"II. The plaintiff, Jane Jackson Plumly, will accept said sum of $30,000.00 and said promissory note for $30,000.00 so secured, in full and final settlement of all her right, title and interest in and to all of the community property of the plaintiff and defendant and all of the separate property of the defendant, both real, mixed and personal, which includes all of the property decribed in plaintiff's petition, and all of the property, either real or personal, belonging to the community estate of the plaintiff and the defendant, and all of the separate property owned, held or claimed by the defendant.

"III. That the said Jane Jackson Plumly agrees and obligates herself to execute any and all instruments and conveyances as will be necessary to make this agreement effective and binding upon her. * * *

"V. It is further agreed that the defendant, Henry Curtis Plumly, will place in the Trust Department of the Frost National Bank 5,245 shares of Socony-Vacuum stock, with directions to said Trust Department to collect the dividends thereon until October 24, 1949, and remit the net amount of said dividends to Jane Jackson Plumly to her address in Beaumont, or to such other address as she may direct, said dividends to be payable to her as trustee and to be used by her for the purpose of supporting, maintaining and educating the two minor children of the plaintiff and defendant, Ben Jackson Plumly and Henry Curtis Plumly, Jr., until the said Ben Jackson Plumly reaches the age of twenty-one years on October 24, 1949, at which time this trust shall cease to exist, and the Trust Department of said bank shall return said stock to the defendant, Henry Curtis Plumly. * * *

"VI. It is further mutually agreed that when the final decree for divorce is entered in the aforesaid cause, the said Jane Jackson Plumly will ratify and confirm this agreement and execute any and all conveyances, acquittances, releases and such other instruments as the said Henry Curtis Plumly may require in order to fully consummate this agreement."

The court approved this agreement, ordered a copy of it attached to the judg-

ment as "Exhibit A," and the remainder of the decree after granting the divorce simply ordered the things agreed upon carried into effect. In other words, that part of the decree granting the divorce and awarding the custody and care of the two children was not based upon any agreement, but that part of the decree which settles the property rights of the parties and provides for the support and maintenance of the children is based upon the agreement of the parties and is therefore an agreed judgment.

That part of the judgment which was based upon the agreement of the parties is governed by the laws relating to contracts, rather than laws relating to judgments. Turman v. Turman, 123 Tex. 1, 64 S.W.2d 137; Tyner v. City of Port Arthur, 115 Tex. 310, 280 S.W. 523; Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786.

An agreed judgment is interpreted like a contract between the parties. Missouri, K. & T. R. Co. of Texas v. State, Tex.Civ. App., 275 S.W. 673; Pendery v. Panhandle Refining Company, Tex.Civ.App., 169 S.W.2d 766.

■ Consent judgment rendered pursuant to written agreement becomes a contract between the parties as well as an adjudication between them. De Garza v. Magnolia Petroleum Co., Tex.Civ.App., 83 S.W.2d 453. Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments. Prince v. Frost-Johnson Lumber Co., Tex.Civ.App., 250 S.W. 785.

■ In view of the above rules of law, that part of the judgment here sought to be modified amounts to a recorded contract between appellant and appellee, wherein appellant agreed to impress upon 5,245 shares of Socony-Vacuum Oil Company, Inc., stock a trust whereby the dividends and revenue from such stock would be paid to appellee until October 24, 1949, for the support, maintenance and education of their two sons. Appellant has shown no good reason why he should be permitted to modify this contract. He knew at the time he entered into the agreement that one of his sons would be considerably past twenty-one years of age on October 24, 1949. This part of the decree does not represent the exercise of the trial court's judgment as to how much stock should be placed in trust and how long it should be kept there, but, on the contrary, this matter was settled by an agreement of the parties, and concerned a matter which could properly be settled by agreement. The trial judge merely approved their agreement. If the stock is being held in trust for too great a period of time it is the result of a bad bargain entered into by appellant, and not the exercise of the judgment of the trial court. This agreement having been entered into by the parties, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties. Belstrom v. Belstrom, Tex. Civ.App., 144 S.W.2d 614; Scott v. Fort Worth National Bank, Tex.Civ.App., 125 S.W.2d 356; Smith v. Blanton, Tex.Civ. App., 240 S.W. 651; Snipes v. Snipes, Tex. Civ.App., 174 S.W.2d 741.

In Henderson v. Henderson, 37 Or. 141, 60 P. 597, 600, 61 P. 136, 48 L.R.A. 766, 769, 82 Am.St.Rep. 741, we find the following which is pertinent here:

"In Buck v. Buck, 60 Ill. 241, a decree was granted the wife, reciting, among other things, that the husband was a man of large property; that, alimony having been settled between the parties upon the basis therein stated, it was accordingly decreed that the husband pay to the wife $12,000, and the further sum of $1,000, the value of certain furniture and silverware, and that he should maintain and educate an adopted child. The case went to the supreme court, and as a ground of reversal it was urged that the alimony allowed by the court was excessive and oppressive. But it was held that the husband, having consented to the provisions of the decree, should have no relief against his own voluntary agreement; the court saying: 'Whether the alimony is too high, or whether the court had any lawful authority to make provision for the maintenance of the adopted daughter without the consent of the plaintiff in error, it

is not now necessary for us to express an opinion. It was competent for the plaintiff in error to consent to such a decree, and having done so, it must remain forever binding on him.' "

The judgment is affirmed.