### MOBLEY v. MOBLEY.
### No. 11926.

Court of Civil Appeals of Texas.
San Antonio.

April 6, 1949.

Rehearing Denied April 6, 1949.

Dilworth & McKay, San Antonio, for appellant.

L. M. Bickett, San Antonio, for appellee

NORVELL, Justice.

On June 3, 1947, Robert N. Mobley, plaintiff, secured a divorce from Alma Sue Mobley, defendant. The decree contained the following provisions:

"It is further ordered that the care and custody of Robert Vernon Mobley and Barbara Sue Mobley is hereby awarded to the Defendant; the Plaintiff shall have the right to visit and be visited by said children at reasonable times; the Plaintiff shall pay the sum of $200.00 per month to the Defendant for the care and support of said children.

"It further appears to the Court that all community property rights have been settled out of Court and the Court hereby approves said settlement. It is further ordered that the Plaintiff and the Defendant are both equal owners of the property located at Lot 11, Block 170, NCB 8855, but that the Defendant shall have the right to live in same."

On the 6th day of August, 1948, the district court, acting upon a motion filed by Robert N. Mobley, reduced the amount which he was required to pay to Alma Sue Mobley for the support of their minor children from $200 per month to $50 per month. From this order Alma Sue Mobley has perfected an appeal to this Court.

In contesting this order, Mrs. Mobley contends that the provision for child support contained in the original decree is contractual in nature and should be "considered and governed by the laws relating to contracts rather than the laws relating to judgments." The authority upon which she primarily relies is Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177, a recent decision of this Court.

Prior to the divorce, Mr. and Mrs. Mobley entered into the following agreement:

"State of Texas } Know All Men by
County of Bexar } These Presents:

"This property settlement agreement, entered into by and between Robert N. Mobley and Alma Sue Mobley, Witness as Follows:

"I. The parties hereto are husband and wife and all property rights settled here-

under are the community property rights of the parties hereto.

"II. It is agreed and understood that the community estate is worth Eight Thousand and No/100 ($8,000.00) Dollars.

"III. Robert N. Mobley agrees to contribute the sum of Two Hundred and No/100 ($200.00) Dollars per month to Alma Sue Mobley for the support of their two (2) minor children and will continue contributing this amount of money until the children are through with their schooling.

"IV. It is agreed and understood that as soon as Robert N. Mobley can purchase another automobile, he will deliver the one now in his possession, a 1940 Ford Sedan, to Alma Sue Mobley. It is agreed and understood that this will leave a balance due Alma Sue Mobley of Three Thousand and No/100 ($3,000.00) Dollars, which sum is to be paid to the said Alma Sue Mobley if Robert N. Mobley remarries, or at the end of five (5) years from the date hereof.

"V. Robert N. Mobley will pay all of the community debts and will have complete charge of all of the community assets, as his own, private, separate property.

"In Witness Whereof, our hands this 5th day of May, A.D. 1947.

"Robert N. Mobley
"Alma Sue Mobley"

It appears that Robert N. Mobley, in his petition for divorce, pleaded that he was willing for the defendant to have the care and custody of the minor children and he was willing to provide $200 per month for their support.

From an inspection of the face of the divorce decree it appears that the judge rendering the same treated the matter of child support and the settlement of community property rights as separate matters. The paragraph relating to child support does not show that it was based upon an agreement of the parties. In fact, it does not follow the terms of the agreement, in that the provision relating to the length of time during which the payments shall be made— until the children are through with their schooling—is omitted.

■ Upon the face of the decree, it appears that the provisions relating to child support are based upon the terms of Article 4639a, Vernon's Ann.Civ.Stats. We do not construe appellee's motion to modify the decree as attacking the contract, nor do we think the order of the court rendered thereon affects appellee's contractual obligations in any way. The contract remains a valid, subsisting obligation and may be enforced by means of the ordinary processes of law, unless and until it be cancelled or modified in a proper proceeding. Belstrom v. Belstrom, Tex.Civ.App., 144 S.W. 2d 614. The agreement involved here can not be enforced by means of a trust devise, as was the agreement in the case of Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177, for the reason that the present agreement did not provide for a trust arrangement.

■ A judgment may partake of the nature of a contract and also of the nature of a decree as authorized by Article 4639a. Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614 (Plumly v. Plumly, Tex.Civ. App., 210 S.W.2d 177, was primarily a contract case and Article 4639a was not mentioned therein). However, contractual provisions, even though made part of a decree, insofar as they go beyond the provisions of the statute, cannot be enforced by contempt proceedings, and all support provisions enforcible by contempt proceedings are subject to modification under the express terms of the statute.

Article 4639a, § 1, Vernon's Ann.Civ. Stats., reads as follows: "Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall have full power and authority to inquire into and ascertain the financial cir-

cumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said Court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, said Court may enter a judgment in a fixed amount for the support of such child or children, and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."

Under the provisions of this article the court is given power and authority to enforce its judgment by a contempt proceeding, and is also empowered to alter or change such judgment or suspend the same as the facts and circumstances and changes of the case may require.

In the case of Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 954, the Supreme Court said: "When we carefully examine this act, we find that the part thereof which authorizes the district court to compel the spouses to contribute to the support of their children until such children reach the age of sixteen years does not even contemplate a final judgment. To the contrary, the statute expressly confers upon the district court the right to retain jurisdiction of such matter until the children reach the above-mentioned age. In this regard, the court is given the power and authority to alter, change, and suspend such orders as the facts and circumstances and justice may require. Also, by the express terms of the statute, the only remedy for the enforcement of such orders is by civil contempt proceedings. The statute makes no provision for execution. The act throws every safeguard around the parents that they are entitled to under any law, natural or statutory. Under its provisions, the court has power and jurisdiction to determine the amount of contribution the parent is able to make, and the amount of contribution the child or children are in need of, and every other issue of law and justice involved. If, after an order for contribution has been made, conditions change so that it is for any reason unjust or improper, the court has power to again review the matter and enter such further orders and decrees as the circumstances and facts may require. If the conditions are such that the spouse becomes unable to make the contribution that he has been ordered to make, and this through no willful fault of his own, such would be a good defense against contempt proceedings. Finally, should the district court act illegally or arbitrarily in the matter, the injured spouse has his remedy by habeas corpus in this court. Such a statute, under practically universal authority, does not violate a constitutional prohibition against imprisonment for debt. Ex parte Davis, supra [101 Tex. 607, 111 S.W. 394, 17 L.R.A.,N.S., 1140]; Cunningham v. Cunningham, supra [120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305]. Also, we refer to the numerous authorities cited in the opinions just referred to."

■ As above stated, we regard the decree here as being one based upon the statute and hence subject to modification. This modification, however, does not affect the bindingness of the contract. Inability to perform a contract does not relieve one of the obligations thereof, but contempt proceedings are available for the enforcement of such obligations only insofar as they coincide with the provisions of Article 4639a, and under this article the court retains the authority to decide, from time to time, what are the proper payments which will be enforced by the extraordinary process of contempt proceedings.

Although the evidence is conflicting, the trial court's express findings of fact have

support in the evidence and justify the reduction in the amount of monthly payments provided for by the decree.

For the reasons stated herein, we are of the opinion that the order appealed from should be sustained and we therefore need not pass upon the correctness of all of the trial judge's conclusions of law. A proper judgment was rendered under the findings of fact.

None of appellant's points presents a reversible error and the order appealed from is accordingly affirmed.

### On Motion for Rehearing.

On our original opinion we set forth our construction of the divorce decree, as well as our construction of appellee's motion seeking a modification of that portion of said decree relating to child support. We did not construe appellee's motion as making an attack upon his contractual liability to contribute the sum of $200 per month to Alma Sue Mobley for the support of their two minor children until the children finished their schooling. We did construe the motion as one seeking a modification of the order directing the payment of $200 per month for child support under compulsion of contempt proceedings as provided for in Article 4639a, § 1. Under this article, a person is not required to delay his assertion of inability to pay the amount provided for in the original decree until he is actually cited for contempt, but may anticipate such action by suggesting a modification of the decree to the court, which, under the statute, has "power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require."

While a decree or judgment based upon an agreement is generally interpreted like a contract between the parties and an agreement relating to the amount of child support, or one relating to facts from which the court may determine such amount, will be recognized, the power and authority to enforce a support decree by contempt proceedings is derived from the statute and controlled by the provisions thereof. A decree for child support based upon or embodying a contract possesses dual characteristics, but the procedural basis which permits enforcement by contempt proceedings is statutory and not contractual. In that particular, the order is subject to modification in accordance with the provisions of the statute.

In order to obviate any misunderstanding as to our holdings, we have decided to modify the decree appealed from by inserting therein the following proviso: "Nothing contained herein shall affect the obligations assumed by plaintiff, Robert N. Mobley, in the contract bearing date of May 5, 1947, made and entered into by and between said plaintiff and the defendant, Alma Sue Mobley, in contemplation of divorce, but the provisions of this decree shall relate only to the liabilities imposed upon plaintiff under and by virtue of the original decree dated June 3, 1947, and the provisions of Article 4639a, § 1, Vernon's Ann.Civ.Stats., and which may be enforced by contempt proceedings."

As this modification simply makes explicit our construction of the decree, no change will be made in the taxing of costs.

Our order of affirmance will be modified as above indicated. Appellant's motion for rehearing is overruled.