**BRADY et al. v. HYMAN.**

No. 12090.

Court of Civil Appeals of Texas.
San Antonio.

May 10, 1950.

See also 230 S.W.2d 345.

William E. Remy, San Antonio, for appellants.

David A. Grose, Alice, for appellee.

NORVELL, Justice.

On November 25, 1949, the Hon. Raeburn Norris, sitting as special judge of the District Court of Jim Wells County, Texas, ordered a prior decree of said court, dated February 27, 1946, modified so as to reduce the child support payments provided for in the original decree, from $150 per month to $50 per month. This action was taken upon motion of Vance Hyman, the father of the minor, Blanche Kay Hyman. Kathryn Brady, the mother of the child and former wife of Vance Hyman, has appealed.

By the 1946 decree, Mrs. Brady, then Mrs. Hyman, was granted a divorce from Vance Hyman and the custody of the minor was awarded to her, subject to the father's right to keep the child during the months of June, July and August, should he have a suitable place for the child to stay.

Mrs. Brady here contends that the child support provisions of the decree were based upon a contract, and that the court erred in attempting to modify or change these contractual provisions. She also contends that the action of the court in reducing the award is not supported by the evidence.

■ In two recent cases, Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177, and Mobley v. Mobley, Tex.Civ.App., 221 S.W. 2d 565, this Court set forth the rules applicable to a decree of this kind which is in the nature of a contract and also possesses certain qualities of a judgment. Such a decree, insofar as it is based upon Article 4639a, Vernon's Ann.Civ.St., and is enforcible by contempt proceedings, may properly be modified by a subsequent decree of the court. Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953; Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769. However, an agreement to pay a certain sum of money per month for the support of a child is enforcible as a contract and entitled to the ordinary processes of laws provided for the enforcement of contractual obligations. The fact that the agreement is recorded as part of a judicial decree does not change the rule. Snipes v. Snipes, Tex.Civ.App., 174 S.W.2d 741.

A contract was the basis of the property settlement and the child support provisions contained in the 1946 divorce decree. The trial court accepted appellee's contention that this agreement simply provided that the trial court could provide for the payment of $150 per month for child support, and that such amount could be changed from time to time as the court saw fit. The contention of appellant, on the other hand, was that the agreement to pay $150 per month for child support was an absolute contractual obligation adopted as a part of a property settlement agreement, and hence enforcible as a contract.

In view of these conflicting contentions, it is necessary to examine the contract and decree in some detail. The written agreement of the parties consists of a preamble and eight numbered paragraphs. It is recited in the preamble that: "Whereas, certain disputes and unhappy differences have arisen between First Party (Vance Hyman) and Second Party (Kathryn Hyman), for which reasons said parties have consented and agreed to live separately and apart from each other and are desirous of dividing and partitioning the community property of the parties hereto and therefore enter into the following agreement in connection therewith:"

The contract then provides for the division of various properties owned by the parties. Paragraph "V" relates to child support and provides that: "It is further understood and agreed that First Party agrees and hereby consents to the awarding of the care, custody and control of the minor daughter of First Party and Second Party, to-wit, Kay Hyman, to Second Party in the divorce decree, if entered in said cause above referred to, provided that such decree shall provide that First Party shall have the right to keep said minor child with him from the 31st day of May to the 1st day of September of each year after said divorce shall have been granted, provided that First Party shall have a suitable place and circumstances for the maintenance, care and custody of said minor child. First Party further *agrees and consents to said decree providing for payment by him of the sum of One Hundred Fifty ($150) Dollars per month to Second Party for the maintenance, care, control and education of said minor child* except during the period of time during which said minor child shall be with First Party under the terms of said order of said Court."

The decree contained the following recitations and provisions: "After hearing the pleadings, evidence, argument of counsel and agreement of the parties, the Court is of the opinion and finds that this Court has venue of this cause; that plaintiff is entitled to a divorce from the defendant; that plaintiff and defendant have one child who is now living, to-wit: Blanche Kay Hyman, a girl, now seven (7) years of age; that plaintiff and defendant have entered into *an agreement respecting their community property rights* acquired during their marriage, division of custody of their

minor child *and child support*, said agreement being as follows, to-wit: "

At this point the agreement of the parties was copied into the judgment. Thereafter the decree provided that,

"It is therefore ordered, adjudged and decreed by the court * * * that defendant is hereby ordered to contribute the sum of One Hundred Fifty ($150.00) Dollars per month to plaintiff for the maintenance, care and education of said minor child except during the period of time during which said minor child shall be with defendant, said sum to be due and payable on or before the 1st day of each and every month hereafter, except as heretofore set out; provided, however, that the obligation on the part of the said defendant to make said payments or any other payments provided for in' said contract above set out shall not create any lien, express or implied, on any property owned by said defendant, or any community property heretofore owned by plaintiff and defendant.

"It Is Further Ordered, Adjudged and Decreed by the Court that the property settlement of the parties heretofore set out and a copy of which is filed herein, and made a part hereof, be and it is hereby approved, confirmed and ratified, * * *."

■ In our opinion the 1946 judgment, insofar as it relates to the amount payable for child support, must be construed as a consent judgment. In Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177, 179, this Court said:

"That part of the judgment which was based upon the agreement of the parties is governed by the laws relating to contracts, rather than laws relating to judgments. Turman v. Turman, 123 Tex. 1, 64 S.W.2d 137; Tyner v. City of Port Arthur, 115 Tex. 310, 280 S.W. 523; Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786.

"An agreed judgment is interpreted like a contract between the parties. Missouri, K. & T. R. Co. of Texas v. State, Tex.Civ.App., 275 S.W. 673; Pendery v. Panhandle Refining Company, Tex.Civ.App., 169 S.W.2d 766.

"Consent judgment rendered pursuant to written agreement becomes a contract between the parties as well as an adjudication between them. De Garza v. Magnolia Petroleum Co., Tex.Civ.App., 83 S.W.2d 453. Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments. Prince v. Frost-Johnson Lumber Co., Tex.Civ.App., 250 S.W. 785."

■ A judgment based upon a party's agreeing and consenting to a court's rendition of judgment against him for a specified amount is a consent judgment, and that is the type of judgment involved here. A provision for child support may properly be a part of a settlement agreement made in contemplation of divorce. A mother who has had little business experience may agree to her husband's taking a larger share of the community property in consideration of his promise and undertaking to adequately provide for the children placed in her custody. Such agreements will be respected and enforced as a part of a contractual settlement made in contemplation of divorce even though no property is hypothecated or pledged as security for the performance of the agreement. This rule is recognized in the case of Snipes v. Snipes, Tex.Civ.App., 174 S.W.2d 741, which was cited with approval by us in the Plumly case.

■ The order amending and modifying the original 1946 decree purports to affect and modify the settlement agreement upon which the provisions of the decree relating to child support are based. In this particular, the order is erroneous for, as stated in the Plumly case, the child support provisions of the judgment, insofar as they are based upon contract, and "in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties."

The child support provision of the decree considered apart from its effect as a contract, that is, as a provision based upon Article 4639a, § 1, and enforcible by contempt proceedings, is of course subject to modification by the court. As above stated, the appellant contends in this connection that the evidence does not support the re-

duction ordered by the court below. We have examined the statement of facts and, considering the latitude of discretion vested in trial courts with reference to support decrees rendered under the provisions of Article 4639a, § 1, we are of the opinion that the court below did not err in ordering a reduction of the award of the monthly payment enforcible by contempt proceedings. The decree should, however, have been worded so as to leave unaffected appellee's contractual obligation to pay $150 per month for the support of the child.

The order appealed from will be reformed so as to provide that: "Nothing contained herein shall affect the contractual obligations assumed by appellee, Vance Hyman, to pay $150.00 per month for the support of his minor child, as evidenced by the decree of February 27, 1946, embodying an agreement between said Vance Hyman and Kathryn Hyman (now Kathryn Brady) dated January 22, 1946, made in contemplation of divorce, but the provisions of this order shall relate only to the liabilities imposed upon said Vance Hyman under and by virtue of the decree of February 27, 1946, and the provisions of Article 4639a, § 1, Vernon's Ann.Civ.Stats., and which may be enforced by contempt proceedings." Mobley v. Mobley, Tex.Civ.App., 221 S.W. 2d 565.

The judgment as reformed will be affirmed.

BROETER, J., did not participate in this decision.