Guanadine Bates **HUTCHINGS** et vir,
Petitioners,

v.

**Geraldine BATES, Respondent.**

No. A–11049.

Supreme Court of Texas.

July 13, 1966.

Dillingham & Schleider, Houston, for petitioners.

Barrow, Bland, Rehmet & Singleton, R. F. Wheless, Jr., with above firm, Houston, for respondent.

WALKER, Justice.

The question to be decided here is whether a divorce decree and the property settlement agreement upon which it rests created an obligation which binds the husband's estate to make child support payments accruing after his death.

Geraldine Bates, plaintiff, obtained a divorce from her husband, Warren David Bates, in 1949. They had been married some five years, and two children were born to their marriage. One of the children was born in 1945 and the other in 1947. After the divorce action was filed and prior to the entry of judgment therein,

plaintiff and Bates executed a property settlement agreement which was subsequently approved by the court and incorporated in the divorce decree. Under the terms of this contract plaintiff was given the care and custody of the two children, and Bates agreed to pay her $150.00 per month for their maintenance and support "until the older of said two minor children shall have reached the age of 18 years; at which time said amount is to be reduced from $150.00 per month to $100.00 per month with deposits * * * to be made * * until the younger of said two minor children shall have reached the age of 18 years." He further agreed "to assume and to pay all reasonable doctor, medical, dental and hospital expenses incurred for or in behalf of said two minor children until the younger of said children shall have reached the age of 18 years." Substantially the same language was used in the divorce judgment, which directed Bates to make support payments as provided in the contract.

Bates remarried after his divorce from plaintiff, but no children were born to his second marriage. He died in 1960 at the age of 38, leaving a written will which devised and bequeathed all of his estate to his second wife, now Guanadine Bates Hutchings, who is defendant in the present suit. She was also named in the will as independant executrix without bond, and the instrument further directed that none of the testator's property should go to the plaintiff. The will has been admitted to probate, and defendant is the duly appointed and acting independent executrix of the estate.

All child support payments accruing prior to the testator's death were paid by him.

The present suit was instituted by plaintiff, individually and as next friend for her two children, against defendant, individually and as independent executrix, to recover medical expenses incurred and monthly child support payments accruing after the testator's death.[1] Plaintiff's motion for summary judgment was granted by the trial court,[2] and the Court of Civil Appeals affirmed. 393 S.W.2d 338. We affirm the judgment of the Court of Civil Appeals.

The parties recognize that the common law obligation of a father to support his infant children terminates with his death. See 39 Am.Jur. Parent and Child, § 40, 67 C.J.S. Parent and Child § 15. It is also well settled that an obligation to make periodic support payments, when created by a divorce decree based entirely upon the power conferred by Article 4639a, Vernon's Ann.Tex.Civ.Stat., is not a debt and may be enforced only by contempt proceedings. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119; Ex Parte Birkhead, 127 Tex. 556, 95 S.W.2d 953. In a case like the present, however, where the duty to make support payments arises from an agreement of the parties, their rights and obligations in that respect are governed largely by the rules relating to contracts. See Ex Parte Jones, 163 Tex. 513, 358 S.W.2d 370; Mobley v. Mobley, Tex.Civ.App., 221 S.W.2d 565 (no writ); Hyman v. Brady, Tex.Civ.App., 230 S.W.2d 345 (no writ). Here the judgment simply recited and directed the father to comply with the terms of his agreement, and the case turns upon the intention of the parties as disclosed by such provisions and the surrounding circumstances.

1. Plaintiff also sought and has been granted a recovery for certain monthly installments the testator promised to pay in consideration of her relinquishing all homestead and property rights in an apartment building which they had occupied as a home prior to the divorce. No question regarding this portion of the trial court's judgment was brought forward in the application for writ of error.

2. Summary judgment was rendered on the issues of liability only, and evidence bearing on the reasonableness of the medical expense was submitted to the court as the trier of fact. One final judgment was then rendered on the entire case.

The parties did not state that the contract would bind, and the divorce judgment does not purport to bind, their heirs and personal representatives. It was agreed that the payments should continue until the younger child· reached the age of 18 years, but there is no other provision suggesting that the father's estate would be responsible for payments accruing after his death. The effect of such an agreement and judgment as they bear on the question now before us has not been decided in Texas, and the courts of other jurisdictions have expressed divergent views as to the proper rule for construing same. See Annotation, 18 A.L.R.2d 1126.

Some courts hold that the father's estate is not responsible for payments accruing after his death unless it affirmatively appears that the obligation was not to be affected by death. A stipulation that the payments would be made during minority or until a certain event occurs is not regarded as sufficient to show an intention that the payments should continue after the obligor's death. In support of this conclusion, it has been pointed out that the agreement is in settlement of litigation in which the court could not have required payment of child support after the father's death. The courts have also observed that a contrary holding would often delay the closing of estates and restrict the right of an individual to make disposition of his property by will. See Lewis v. Lewis, 239 Miss. 728, 125 So.2d 286; Mahaffey v. First National Bank, 231 Miss. 798, 97 So.2d 756; Gordon v. Gordon, 90 U.S.App.D.C. 280, 195 F.2d 779; Desjardins v. Desjardins, D.C.Ky., 193 F.Supp. 210.

Other courts regard a promise to make periodic payments "during minority" or "until further order of the court" as a clear expression of an intention that the payments shall continue after the obligor's death. They accordingly hold that an obligation ex· pressed in these terms is binding upon the estate of the parent unless it appears from other provisions or the surrounding circumstances that the duty to pay was purely personal. Ramsay v. Sims, 209 Ga. 228, 71 S.E.2d 639; Taylor v. George, 34 Cal.2d 552, 212 P.2d 505; In re Fessman's Estate, 386 Pa. 447, 126 A.2d 676; Smith v. Funk, 141 Okl. 188, 284 P. 638. In rejecting the contrary view, the Supreme Court of California reasoned that it is the solemn duty of every father to support his children during their minority, "and if he fails to do so, every principle of justice demands that they be thus supported out of his estate." It also expressed the opinion that the welfare of the child is at least as important as the father's power of testamentary disposition, and that the child might become a public charge if the father's estate were not held liable for the support payments accruing after death. Newman v. Burwell, 216 Cal. 608, 15 P.2d 511.

■ There is something to be said for each of these approaches. We recognize that each may work a hardship in individual cases, one upon the children of the broken marriage and the other upon the widow and children of a subsequent marriage. Neither rule will be entirely satisfactory in every instance, but it seems to us that our courts are more likely to carry out the intention of the parties and achieve just results if they adhere to basic principles of contract law. We hold, therefore, that where the contract and judgment provide for periodic support payments to be made until the occurrence of a specified event the obligor's estate is responsible for installments accruing after his death unless it fairly appears from other stipulations or the surrounding circumstances that it was intended for the obligation to terminate upon death.

■ The contract and judgment in this case make no mention of heirs and personal representatives. Defendant also points out that the testator agreed to keep two annuity insurance policies in force for the benefit of the children, but on the present record these circumstances are not sufficient in themselves to show that the parties intended for the support payments to

be made only during the obligor's lifetime. The testator bound himself to make payments in a definite amount for a definite period of time. This promise was part of a settlement agreement in which he was recognized to own as his separate property an undivided one-third interest in eleven parcels of real estate. The contract further discloses that his income from rents and royalties was approximately $200.00 per month, and there is nothing to suggest that the parties expected the payments to be made entirely out of his personal earnings. It does not appear that they were simply agreeing upon a figure which might be fixed for the time being by the court in the divorce decree, and the testator obligated himself to continue the payments for two years longer than could otherwise have been ordered by the court.[3] From a consideration of all the provisions of the contract and the circumstances surrounding its execution, it is our opinion that the estate is responsible for support payments accruing after the testator's death.

The judgment of the Court of Civil Appeals is accordingly affirmed.

---

3. Article 4639a as it existed in 1949 empowered the court to order periodic support payments until the child reached the age of 16 years.