Johnie ALFORD, Appellant,

v.

Maxine ALFORD, Appellee.

No. 7390.

Court of Civil Appeals of Texas, Beaumont.

Nov. 22, 1972.

Rehearing Denied Nov. 30, 1972.

Carl A. Parker, Port Arthur, for appellant.

W. G. Walley, Jr., Everett Lord, Beaumont, for appellee.

KEITH, Justice.

The appeal is from a judgment of the trial court denying appellant's motion to quash a writ of execution issued out of the Court of Domestic Relations for Jefferson County, Texas. No party has raised any question as to our jurisdiction to pass upon the controversy presented by this record; and, although counsel were questioned about the matter on oral submission, there was no suggestion of any lack of jurisdiction to hear and determine the appeal. The only authority pointed out to us is the old case of Scott and Rose v. Allen, 1 Tex. 508 (1846). Without further reference to the lurking jurisdictional problem, we turn to a consideration of the merits of the controversy as presented by our record.

On January 19, 1965, the Court of Domestic Relations for Jefferson County entered a decree of divorce and awarded the custody of three children then under the age of eighteen years to the mother-plaintiff, our appellee. The parties had previously entered into a comprehensive property settlement agreement which contained a short paragraph with reference to child support by the defendant, as set out in the margin.[1] The judgment recited that the

---

1. "As a further consideration, Johnie Alford agrees that he will pay Five Hundred Dollars ($500.00) per month for the support of the three (3) children who are presently under the age of 18 years, to-wit: [naming the children] until the youngest of said children attains the age of 18 years."

court had investigated the financial condition of the parties and referred to the written agreement. We set out the material portions of the decretal paragraph in the margin.[2]

Subsequently, defendant defaulted upon one or more of such payments, in whole or in part. Appellee then filed an application to hold appellant in contempt for the defaults and a show cause order issued. Appellant, in answer thereto, attempted to show a change in conditions and prayed that he be not held in contempt but that the court change or modify the former orders and called to the attention of the court that one of such children was then over the age of eighteen years. The court found appellant had failed to make all of the required payments and held him in contempt. He purged himself of the contempt by making the payments.

In the meanwhile, our appellant had instituted a new suit in the Court of Domestic Relations wherein he alleged conditions had changed from those existing at the time of the entry of the divorce decree and prayed for the modification of the order requiring him to pay $500 per month. He also sought custody of the minor children. By an order entered on May 31, 1967, the court denied the change of custody but did reduce the amount of the payments. Certain recitations were made in this order which we summarize: (1) Upon agreement of the parties, the court made no finding or determination of the validity or invalidity of the contract entered into between the parties which was incorporated into the original decree of divorce; (2) there had been a change in conditions since the entry of the original decree in that one of the children was then over ·eighteen years of age; and (3) the court found "that it has the power and authority to set

and control child support provisions under Article 4639a, Vernon's Annotated Texas Statutes, separately and apart from any contract entered into by and between the parents of minor children concerning the support of said minor children." The court, thereupon, reduced the amount to be paid by appellant to appellee to $150 per month for each of the two children then under eighteen years. A further recitation was to the effect that "the specific order of the Court that the child support set herein is completely separate and apart from any contract by and between the parties, and is intended by the Court to have no bearing upon or effect upon any contract by and between said parties."

On February 18, 1972, appellee made written application to the District Clerk, supported by her affidavit, for a writ of execution upon the original divorce decree. She swore that appellant had made certain monthly payments, but had not paid the entire amount. The parties are in agreement as to the payments—such were those ordered to be paid under the changed orders of child support entered under Art. 4639a, V.A.C.S., and the writ was sought for the difference in such payments (as ordered by the court in the subsequent hearings) and those called for in the contract which was incorporated into the original divorce decree. The amount, so it was calculated by appellee, was $14,900.00 and the interest thereon was calculated to be $1709.75. The writ for such amount duly issued.

The appellant, being the defendant in the original divorce proceeding in which the writ had issued, immediately filed his motion to quash the writ of execution. By agreement of the parties, the court entered an order staying the execution of the writ pending further orders of the court.· The contentions of the appellant, as set forth in

2. "ORDERED, ADJUDGED and DECREED by the Court that the Defendant, Johnie Alford, pay the sum of $500.-00 per month for the support of said children [naming them] until the youngest of said children attains the age of 18 years."

his motion to quash the writ, are set forth in the margin.[3]

The court, considering the question as one of law, denied the motion to quash the writ of execution and the appeal has been perfected upon one point which asserts that the refusal to quash the writ of execution was erroneous "because there is no valid Judgment in existence to support the Writ of Execution issued."

Before considering the specific questions involved in our case, we deem it appropriate to restate some of the fundamental principles governing support orders.

If the original support order found in the divorce decree was based upon an exercise of the court's authority under Art. 4639a, the *only* method of enforcement of payment is through contempt proceedings since it did not create a debt. Ex parte Birkhead, 127 Tex. 556, 95 S.W. 2d 953, 954 (1936); Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, 121 (1957); Hutchings v. Bates, 406 S.W.2d 419, 420 (Tex.1966). The support order entered pursuant to statute may not be enforced by a writ of garnishment. McDonald v. Mercantile Nat. Bank, 162 S.W.2d 991 (Tex. Civ.App., Dallas, 1942, no writ). We note that copious quotations from *McDonald* are to be found in *Burger,* supra. Under this line of authorities, the divorce decree would not support the writ of execution. Indeed, in Ex parte Hooks, 415 S.W.2d 166, 168 (Tex.1967), the court said, "There is *no* power to enforce a support judgment by execution."

Such a support order, bottomed upon the cited statute, " 'is not final; it may be altered, changed, or suspended by the court entering the order, as the facts, circumstances, and justice may require. The wife has no pecuniary interest in the award . . . .' " *Burger,* supra, quoting from *McDonald,* supra. See also, Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855, 856 (1954); Ex parte Hatch, 410 S.W.2d 773, 776 (Tex.1967). However, the court does not have authority to modify the terms of the settlement agreement relating to child support " 'in the absence of fraud, accident or mistake . . . except by the consent of the parties.' " Brady v. Hyman, 230 S. W.2d 342, 344 (Tex.Civ.App., San Antonio, 1950, no writ).[4]

We have noted that a support order, finding its support in the settlement agreement and not in the statute, may not be modified except under unusual conditions. Brady v. Hyman, supra. The reason, as set out by Justice Walker in Hutchings v. Bates, supra, is because if "the duty to make support payments arises from an agreement of the parties, their rights and obligations in that respect are governed largely by the rules relating to contracts." (406 S.W.2d at 420) The court cited two cases by the San Antonio Court of Civil Appeals in support of the quotation above, both by the late Justice Norvell. The first, Mobley v. Mobley, 221 S.W.2d 565 (Tex. Civ.App., San Antonio, 1949, no writ), was a decree based upon a statutory order for support and not upon a contract between the parties.

3. "THE DEFENDANT further says that this is an Order for child support which does not support a money judgment for which execution could issue; or in the alternative, that it was a contract relationship between the PLAINTIFF and DEFENDANT in this cause, subject to all of the rights and defenses to such contract, and in any event, there was no money judgment recovered; and if based on a contract, the PLAINTIFF herein has filed suit in the 136th District Court of Jefferson County, Texas, for a trial on the merits to determine the right of

MAXINE ALFORD DERESE to recover damages for such breach of contract, and that said cause is now pending in said court."

4. The quotation from *Brady* was taken from Plumly v. Plumly, 210 S.W.2d 177, 179 (Tex.Civ.App., San Antonio, 1948, error dism.), which was cited with approval in Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370, 375 (1962). *Jones* in turn, was cited with approval in Hutchings v. Bates, supra.

So construing the decree, Judge Norvell held that the trial court had the authority to reduce the amount of support. He was careful to point out on motion for rehearing that the order reducing the support below the contractual obligation did not "affect the obligations assumed by plaintiff, Robert N. Mobley, in the contract bearing date of May 5, 1947, made and entered into by and between said plaintiff and the defendant, Alma Sue Mobley, in contemplation of divorce." (221 S.W.2d at 569)

Justice Walker also cited Hyman v. Brady, 230 S.W.2d 345 (Tex.Civ.App., San Antonio, 1950, no writ), in support of the quotation which we have taken from *Hutchings,* supra. This is a companion case to Brady v. Hyman, supra, both opinions having been handed down upon the same date and involved the same parties and contract. We now quote from Judge Norvell's opinion in Hyman v. Brady:

> "In Cause No. 12090 [Brady v. Hyman] we held that the provisions of the divorce decree relating to child support and based upon Article 4639a, § 1, Vernon's Ann.Civ.Stats., and enforcible by contempt proceedings, were subject to subsequent modification by the court as provided for in said article. We also held that such modification did not affect the contractual obligation evidenced by the decree and the agreement adopted as a part thereof. It follows from these holdings that Mrs. Brady as plaintiff below was entitled to recover judgment in an action based upon the contract." (230 S.W.2d at 346)

From our review of the record and of the authorities applicable thereto, we draw the following conclusions governing this cause:

■ 1. The trial court's original decree was based upon the statutory power conferred upon the court by the provisions of Art. 4639a, and the subsequent modification thereof was within the court's authority. Brady v. Hyman, supra.

■ 2. No debt was created by the original decree or by the decree as modified. The payment of the sums required for the support of the children, in either decree, could be enforced only by contempt proceedings and could not be enforced by any other process. Hutchings v. Bates, supra.

■ 3. The modified decree did not affect. the obligations assumed by appellant in the original settlement agreement. Mobley v. Mobley, supra. Appellee could enforce her rights under the settlement decree only in a separate suit brought upon the contract. Hyman v. Brady, supra.[5]

■ 4. The original decree, upon which appellee procured the writ of execution in this case, not having created a debt, could not be enforced by the writ of execution. Ex parte Hooks, supra.

■ Appellee's reliance upon Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893 (1956), is misplaced. The state's interest in the welfare of the unfortunate children involved in divorce proceedings, as evidenced by the statute and countless appellate decisions thereon, offers a compelling reason to come to the conclusion we have reached. The trial court, exercising

5. In Smith, "Family Law," 22 Sw.L.J. 115, 126 (1968), the author says:
"Left unanswered in the Hutchings case is the question of whether child support payments agreed to by the parties and incorporated into the decree by reference or made the subject of specific court order are contracts, or court-ordered support payments, or both. If only contractual, the divorce court would not only lose the power to enforce the payment by contempt but would also lose the power to modify their amount under changed conditions. If entered by virtue of the courts' power to order such support payments, they are enforceable solely by contempt but are subject to modification in light of changed circumstances. If both, the party entitled to receive the payments might have the best of both worlds, with the agreement treated as a severable obligation from that imposed by the decree."

the authority of the state under the statute, enforces support by contempt proceedings. If the parties contract for more than ordered *by the trial court* (but not for less), that may be the subject of another lawsuit based upon the contractual obligations assumed; such a recovery must be based upon the laws regulating contracts. Cf. Akin v. Akin, 417 S.W.2d 882 (Tex.Civ. App., Austin, 1967, no writ). Appellee's counterpoints are overruled.

It necessarily follows that the trial court erred in overruling the appellant's motion to quash the writ of execution. The judgment below is reversed and the cause is remanded to the trial court with instructions to enter judgment quashing the writ of execution issued by the District Clerk of Jefferson County, Texas, on February 18, 1972, in Cause No. 61996–C, entitled Maxine Alford v. Johnie Alford.

Reversed and remanded with instructions.