Barbara Lynn LEE, Appellant,

v.

Burt John LEE, Jr., Appellee.

No. 7587.

Court of Civil Appeals of Texas, Beaumont.

May 16, 1974.

Rehearing Denied June 6, 1974.

Frank M. Adams, Beaumont, for appellant.

Provost, Umphrey, Doyle & Mehaffy, Port Arthur, for appellee.

KEITH, Justice.

Plaintiff below appeals from a judgment which did not grant unto her all the relief she sought in her suit to recover past and future child support claimed to be payable under a property settlement agreement between the parties which had been incorporated into a divorce decree. Because the posture of the parties in the litigation has changed from time to time, we will refer to the plaintiff below as Barbara or the mother, while speaking of the defendant below as Burt or the father.

During the summer of 1970, Burt filed suit for divorce in the Court of Domestic Relations of Jefferson County and Barbara filed a waiver of service of citation therein. Using Burt's lawyer exclusively, the parties worked out a settlement of their community property rights, custody of the two children, and the amount of Burt's support payments for the children.

Paragraph 6 of the settlement agreement, which was approved and incorporated into the divorce decree by reference, read:

"Petitioner [Burt] agrees to pay the sum of $650.00 per month child support for the support and maintenance of his two minor children until Allison Lynn Lee, attains the age of eighteen years of age, at which time the monthly child support payments shall be reduced to $325.00 such payment to continue until Burt John Lee, III, attains the age of eighteen years at which time the child support payments shall cease."

Barbara was awarded custody of both children and Burt made all of the payments as and when due until early in 1973 when the older child came to live with her father. It was this event which prompted Burt to file a motion in the Court of Domestic Relations seeking a reduction in the child support from $650 to $325 per month. Following the hearing on such application, the Court of Domestic Relations reduced the child support payments to $390 per month.

The reduction order contained a paragraph reading:

"It is ordered, adjudged and decreed that nothing contained herein shall affect the obligations assumed by Burt John Lee, Jr., in said property settlement agreement bearing date of August 28, 1970, approved by the court and made a part of the judgment of the court in said divorce decree, but the provisions of this decree shall relate only to the liabilities imposed upon the plaintiff, Burt John Lee, Jr. under and by virtue of the original decree dated June 3, 1947 [which should read September 8, 1970] and the provisions of Article 4639A, [4639a] Section 1, Vernon's Annotated Civil Statutes, and which may be enforced by contempt proceedings."

After entry of this order modifying the payments, Barbara brought this suit in the 58th District Court of Jefferson County wherein she sought to recover the balance of the past due installments together with interest thereon, declared on an anticipatory breach of the contract, and sought to recover the full amount of the remaining sums payable in the future.

Burt answered by a general denial and a special plea that the support paragraph of the settlement agreement was "the result of a mutual mistake and/or omission of the parties thereto, and said terms do not accurately reflect the intentions of the parties thereto as to the amount of child support that Defendant in this cause is to pay Plaintiff per month."

Over Barbara's objections, Burt tendered evidence, from himself and his lawyer who handled the divorce action, that the true intention of the parties at the time of the making of the contract was that payments would be made by Burt to Barbara only so long as both children were residing with her; and, his counsel stated that he advised both parties that the matter of support of minor children would be subject to change by the court at all times.

At the conclusion of the non-jury trial, judgment was entered in favor of Barbara for the sum of $650 and Burt was ordered to pay an additional sum of $65 per month, or a total of $455 per month until such time as the daughter reached the age of eighteen years.[1]

We had occasion recently to review the authorities governing support payments made by contract and those based upon the divorce court's statutory authority under Art. 4639a, § 1, Vernon's Ann.Civ.St., which was effective at all times material to this litigation. See Alford v. Alford, 487 S.W.2d 429 (Tex.Civ.App., Beaumont, 1972, error dism.). After discussing the authorities, we continued in language applicable to the case at bar:

"The modified decree did not affect the obligations assumed by appellant [Burt] in the original settlement agreement. Mobley v. Mobley, supra [221 S. W.2d 565 (Tex.Civ.App., San Antonio, 1949, no writ)]. Appellee [Barbara] could enforce her rights under the settlement decree only in a separate suit brought upon the contract. Hyman v.

1. Neither party relies upon the findings of fact and conclusions of law which were filed by the trial judge sua sponte; and, we, too, have difficulty in finding support thereof in the record which we have under review.

Brady, supra [230 S.W.2d 345 (Tex.Civ. App., San Antonio, 1950, no writ)]." [2]

These cases just noted are dispositive of Barbara's right to recover in the suit upon the contract which was embodied in the original divorce decree unless Burt's plea of "mutual mistake and/or omission of the parties", mentioned earlier, tendered a defense thereto.

We recognize that Justice Walker in Hutchings v. Bates, supra fn. 2, held:

> "In a case like the present, however, where the duty to make support payments arises from an agreement of the parties, their rights and obligations in that respect are governed largely by the rules relating to contracts. . . . Hyman v. Brady, Tex.Civ.App., 230 S. W.2d 345 (no writ)." (406 S.W.2d at 420)

Turning to Hyman v. Brady, cited by Justice Walker, we find that it was a companion case to Brady v. Hyman, 230 S.W. 2d 342 (Tex.Civ.App., San Antonio, 1950, no writ), involving the same parties, the same decree, and entered upon the same date. Thus, Justice Walker's approval of the second case necessarily approved Justice Norvell's holdings in the first of the two cases.

We take this series of rules from Brady v. Hyman as governing the rights of the parties in this case, omitting all citations:

> "In our opinion the 1946 judgment [the divorce decree in which the settlement agreement had been incorporated], insofar as it relates to the amount payable for child support, must be construed as a consent judgment. . . .

> " 'That part of the judgment which was based upon the agreement of the parties is governed by the laws relating to contracts, rather than laws relating to judgments. . . . [3]

> " 'An agreed judgment is interpreted like a contract between the parties.

> . . .

> " 'Consent judgment rendered pursuant to written agreement becomes a contract between the parties as well as an adjudication between them. . . . Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments. . . .'

\* \* \* \* \* \*

> "[T]he child support provisions of the judgment, insofar as they are based upon contract, and 'in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties.' " (230 S.W.2d at 344)

The "mutual mistake and/or omission" pleaded by Burt was supported by testimony (a) of his lawyer in the divorce action having told the parties that "child support payments were subject to change as conditions change until the children got to be 18 years old"; and (b) his reliance thereon that the agreement as to child support was "[s]ubject to being changed, if conditions changed." Yet, the next question and answer elicited from Burt this testimony:

> "Q. Now, Mr. Lee did you ever discuss the possibility with your wife that one of your children might come live with you?

> "A. No, sir, that never entered my mind."

Upon cross-examination, Barbara gave similar testimony:

> "Q. Did you and Mr. Lee discuss the possibility of what would happen in regard to the child support payments should you not keep custody of one or two of these children up until age 18?

> "A. No, sir."

---

2. *Mobley* and *Hyman* were two of the cases cited with approval in Hutchings v. Bates, 406 S.W.2d 419, 420 (Tex.1966).

3. This particular rule so announced by Justice Norvell was approved in Hutchings v. Bates, supra.

Burt made no effort to prove fraud, as indeed he could not in the posture in which the question arose: his own lawyer made the statement upon which he relied.[4] Cf. O'Meara v. O'Meara, 181 S.W.2d 891, 894 (Tex.Civ.App., San Antonio, 1944, error ref.); Boley v. Boley, supra fn. 4. If there was a mistake made by Burt's lawyer, it was one of law.[5] Insofar as Burt contended that there was a *mutual* mistake, it too was one of law and not of fact. But, a mutual mistake of law is not ground for rescission or cancellation of a contract. Harris v. Sanderson, 178 S.W.2d 315, 320 (Tex.Civ.App., Eastland, 1944, error ref. w. o. m.); Ussery v. Hollebeke, 391 S.W.2d 497, 501 (Tex.Civ.App., El Paso, 1965, error ref. n. r. e.).

It follows from what has been said that we are of the opinion that Barbara was entitled to recover upon the contract embodied in the divorce decree and that Burt neither tendered nor proved a defense thereto. Cf. Akin v. Akin, 417 S.W.2d 882 (Tex.Civ.App., Austin, 1967, no writ). While we may find ourselves personally sympathetic to the plight in which Burt now finds himself, the contract between the parties is clear and unambiguous. It has been embodied in the solemn judgment of a court of record. Our Supreme Court has said in Pollard v. Steffens, 161 Tex. 594, 343 S.W.2d 234, 239 (1961), "[A] consent judgment has the same degree of finality and binding force as does one rendered by the court at the conclusion of an adversary proceeding."

Courts cannot undertake to make a new contract for the parties in disregard of the plain and unambiguous language used by the parties. Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S.W. 745, 747, 64 L.R.A. 349 (1903). Nor may we avoid hard consequences by relaxing the rules governing proceedings such as the one before us. Barbara was entitled to judgment, as a matter of law, upon the matured installments.

When we turn to a consideration of Barbara's right to recover unmatured payments under the doctrine of anticipatory breach, we find that the law is that expressed in Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 406 (1937):

"[W]hen a party who is obligated by contract to make monthly payments of money to another absolutely repudiates the obligation without just excuse, the obligee is 'entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages *the present value* of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments.'" (emphasis supplied)

See also, Pollack v. Pollack, 39 S.W.2d 853, 855 (Tex.Com.App., 1931, holdings approved), id. 46 S.W.2d 292; Continental Casualty Company v. Boerger, 389 S.W.2d 566, 568 (Tex.Civ.App., Waco, 1965, error dism.).

Recognizing Barbara's right to recover under the theory of anticipatory breach, it is simply a matter of arithmetical calculation to determine the *gross* amount of her

---

4. Even if fraud were present, which is not the case, it would have been intrinsic in nature and not even grounds for setting aside the judgment in a direct attack. See Bell v. Bell, 434 S.W.2d 699, 701 (Tex.Civ.App., Beaumont, 1968, error ref. n. r. e.), and cases therein cited. See also, Boley v. Boley, 506 S.W.2d 934, 938 (Tex.Civ.App., Fort Worth, 1974, no writ).

5. We are not here concerned with the question of whether Burt's lawyer made a mistake in announcing the law applicable to support orders. The rule he alluded to in his testimony is the general rule: Support orders which are enforceable under the statute are subject to being modified as conditions change. We have discussed the exception to this general rule applicable to contracts for support of children which are embodied in divorce decrees. At best, the lawyer's testimony supported only a mistake of law—not of fact.

recovery.[6] But, Barbara is entitled to recover only the *present value* of the unmatured future support payments. In some instances, i. e., damages recovered under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.), the present value of the pecuniary loss must be calculated by the trier of the facts based upon the highest net rate that can be had on money safely invested. See Kansas City Southern Railway Company v. Lawson, 435 S.W.2d 582 (Tex.Civ.App., Beaumont, 1968, no writ), and cases therein cited. Justice Stephenson was there applying a federal statute, the construction of which was governed by the decisions of the United States Supreme Court. However, the general rule applicable to cases governed by state law is to be found in Missouri Pacific Railroad Company v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283, 286 (1960): The jurors are assumed to be acquainted with prevailing rates of interest and it is not necessary to present evidence of the earning power of money.

At this point in time, with interest rates at historical levels and constantly changing, it is somewhat unrealistic to attribute to jurors, or to judges, knowledge of the earning power of money. However, taking our cue from the general provisions of the laws relating to interest, and specifically from Articles 5069–1.03 and 5069–1.05, V.A.C.S., we are of the opinion that the rate should be fixed at six percent. Cf. Home Indemnity Company v. Mosqueda, 473 S.W.2d 456, 459 (Tex.1971), construing Art. 8306a, V.A.C.S., the lump sum discount applicable to workmen's compensation benefits.

The judgment of the trial court is now reversed and judgment rendered whereby Barbara shall recover judgment against Burt for the full amount of each past due monthly installment provided by the contract, less all payments made thereon, together with interest at the rate of six percent per annum from the date when such payment became due and payable until the date of this judgment. It is further ordered that she have and recover judgment against said defendant for each unmatured payment due in the future with each such payment being discounted at the rate of six percent per annum from the date of our judgment until such payment would become due under the terms of the contract; that our judgment shall bear interest at the rate of six percent per annum from the date hereof until paid. All costs are adjudged against the defendant.

Reversed and rendered.

6. The two children were born, respectively, on May 18, 1957 and December 26, 1960; and, there is no dispute as to the amount which Burt has paid nor the dates thereof. Nor is there any dispute as to the amount past due and payments cease as to each such child when it reaches the age of eighteen years.